Battle, J.
 

 It is a matter of regret with us, that we have not been favored with an argument for the plaintiff, for by the aid of such an argument we might have been ena
 
 *131
 
 bled to perceive more force in his exceptions, than we have ourselves as yet discovered. The errors assigned in the bill of exceptions, have all been considered by us, and in not one of them do we find anything of which the plaintiff has any just cause of complaint.
 

 The exception, founded upon the supposition that there were two subscribing witnesses to the alleged deed of gift, and that the name of one of them had been cut off by the defendant, cannot be made a ground of objection, because, upon it, the charge of his Honor was in favor of the plaintiff. The other objection, urged in connection with the first, that from the inspection of the instrument, it is to be presumed that tire name of the subscribing witness, Andrews, was put there before the execution by the donor, is equally unavailing to the plaintiff; because, the presumption was just the reverse, to wit, that in the absence of proof to the contrary, all things connected with the execution and attestation were rightly done.
 
 Omnia jpresutmmi/wr rite este aeta.
 

 The exception that the deed was not registered because there were some mistakes 'in the registration, is completely met and answered by the case of
 
 Van Pelt
 
 v.
 
 Pugh,
 
 1 Dev. and Bat. 210, where it was held that slight and immaterial mistakes in the recording of a grant, will not avoid it. Here, the mistakes were both slight and immaterial, and we know of no difference of principle in this respect between the re*cording of a grant, and the registering of a deed of gift.
 

 The objection to the piece of square paper, and wafer being taken as seal, has no foundation whatever. It is certainly as much a seal, when intended by the party as such, as a scrawl, with the word “seal” written in it, can be j and there was no ’evidence that it was not put there as the seal of the donor-, when she signed the instrument. In the registration of the instrument, the register could do no more than make a symbolical seal to stand as a copy of the actual seal annexed to the original deed.
 

 The original deed of gift, from the donor to some of her grand-children, would have been competent as evidence in
 
 *132
 
 reply to the proof offered by the plaintiff, that they were poor and needed the aid of their grand-mother’s bounty. In
 
 Warren
 
 v. Wade, 7 Jones’ Nep. 494, similar evidence was held to be admissible to repel an inference sought to be raised, that the deceased, whose will was offered for probate,, had been induced to execute the script, by the exercise of undue influence over him, because he had given his property away from the person for whom he was under a primary duty to provide. As the original deed would have been competent, the 37th eh. and 16th sec. of the Nev. Code, makes a duly certified copy from the register’s books, also competent as evidence.
 

 As to the exception, in relation to the insanity of the subscribing witness at the time of the execution of the instrument, we hold that the charge of his Honor, was substantially correct. If the witness had, at that time, mind enough to understand the obligation of an oath, and to be able to prove the capacity of the donor, and her execution of the deed, it was all that the law required j see 1 Green, on Ev., sec. 365 ; Archbolds Grim. PL, 135.
 

 There is no error.
 

 Per Curiam,
 

 Judgment affirmed.