JOSHUA WHITSELL, Adm'r. &c., *v.* W. M. MEBANE.

The burden of proving the *due delivery* of a deed, which devolves upon him who claims under it, is not avoided by showing that he has it in possession :

*Therefore,* where a surety, before signing a bond, stipulated that it should be placed in the possession of a third party, until such surety should receive of the principal a certain indemnity against the risk he was assuming, and then *only,* be delivered to the obligee : *Held,* that a de-

livery by such third person to the obligee, before the performance of the condition stipulated for, was void; *also,* that the possession of such bond by the obligee, did not shift from him the burden, ordinarily existing, of proving that the bond had been duly delivered to him.

(*Phillips* v. *Houston,* 5 Jon. 302, cited and approved.)

DEBT, tried before *Tourgee, J.,* at Fall Term 1869 of ALAMANCE Court.

The plaintiff declared upon a bond executed by the defendant, as surety for one John A. Mebane.

It was shown that the defendant had refused to sign it, unless it were placed in the hands of one Barnhart, to be held by him until the principal should execute a mortgage upon a certain tract of land, in order to indemnify the defendant; after which, and then only, it was to be delivered to the obligee, the intestate. This was done, and the defendant instructed Barnhart not to deliver the bond until *he* should notify him. Defendant testified that he had never so notified him, and that he had never known that it was delivered, until the bringing of this suit.

His Honor instructed the jury, that under the circumstances, Barnhart was the agent of both parties, and that a delivery by him was valid, leaving him exposed for any improper discharge of his duties, to an action by the defendant; that, as the *conditions* were to be performed by a stranger, the plaintiff was not required to prove them; that the presumption was, that the delivery had been made rightfully, and that upon the evidence, the plaintiff was entitled to recover.

Verdict for the plaintiff, &c.; Judgment, and Appeal.

*Scott & Scott,* for the appellant.

1. Whether or not there was a delivery, was a question for the jury: *Burling* v. *Patterson,* 38 E. C. L. 233; *Otey* v. *Hoyt,* 2 Jon. 70; especially under the circumstances of this case; Shep. Touch. 54.

2. Under the evidence, the Court should have told the jury, that the plaintiff could not recover. Shep. Touch. 57, &c.; *Threadgill* v. *Jennings*, 3 Dev. 384; *Fitts* v. *Green*, Ib. 291.

*Phillips & Merrimon, contra.*

The bond being genuine, and found in the obligee's hands, the presumption is, that it was duly delivered. Best. Pres. 75; *Otey* v. *Hoyt*, 2 Jon. 70; *Blume* v. *Bowman*, 2 Ire. 338; *Iredell* v. *Barbee*, 9 Ire. 250.

DICK, J. The only question presented in this case, is, whether the bond declared on was properly delivered.

To determine this question, the intention of the obligor must be ascertained from the facts attending the transaction. The defendant signed the bond as surety, and placed it in the hands of Barnhart, to be held until certain conditions precedent were performed, and then to be delivered to the obligee. At the time of this agreement, and in the presence of the plaintiff's intestate (the obligee,) the defendant expressly instructed Barnhart "not to deliver said paper writing to plaintiff's intestate until he, the defendant, should notify him of the performance of said conditions." This made the bond an *escrow*, and constituted the depository an agent of the defendant: Touchstone, 59; *Johnson* v. *Baker*, 4 B. & Ald. 440. The duty of the agent was to keep the bond until notified that said conditions had been performed. The defendant never departed with the control of the bond by giving such instructions, and the delivery of the agent was invalid: *Phillips* v. *Houston*, 5. Jon. 302. The authority vested in the agent, was a naked power, and as he exceeded it, his act was entirely void: 2 Bouv. Inst. 335.

It was insisted by plaintiff's counsel in this Court, that it was the duty of the defendant to show that the conditions precedent had not been performed, as the possession of the

bond by the plaintiff was *prima facie* evidence of delivery. Such is not the true rule of evidence.

The burden of proof of the formal execution of a deed, is upon the person who claims under it, and he must aver and prove the performance of conditions precedent.

There is error in the rulings of his Honor, and there must be a *venire de novo.*

Let this be certified.

PER CURIAM.                                    *Venire de novo.*