*HENRY W. FAISON v. H. BOWDEN, Executor.

*Statute of Limitations -- New Pomise.*

1. An acknowledgment of a debt, barred by the statute of limitations, in the following language, viz : "I owe A a considerable sum, $1,000 or $1,200, and I reckon more, and I want it paid. A is not uneasy about it," is not sufficient to take the case out of the operation of the statute.

2. An acknowledgment or promise in order to take the case out of the operation of the statute of limitations, must be made to the *creditor himself.*

(*Parker*, Adm'r. v. *Shuford*, Adm'r. *ante* 219, cited and approved.)

CIVIL ACTION, tried at Fall Term, 1876, of WAYNE Superior Court, before *Seymour, J.*

The suit was brought to recover the amount of a medical bill against the testator of defendant, running from 1854 to 1861. The defendant relied on the statute of limitations. (See 72 N. C. 405.)

His Honor held that the statute was no bar to any part of plaintiff's claim. Judgment. Appeal by defendant.

*Messrs. Smith & Strong* and *H. F. Grainger,* for plaintiff.
*Messrs. Battle & Mordecai* and *J. L. Stewart,* for defendant.

READE, J. This case was before us and is reported in 72 N. C. 405. It was held that the acknowledgment of the debt was too vague and indefinite to take the case out of the operation of the statute of limitations. The acknowledgment now is a little different from what it was then, but it is still liable to the same objection.

The acknowledgment relied upon now is, "I owe Dr. Faison a considerable sum—$1,000 or $1,200, and I reckon

---

*Faircloth, J. being of counsel in the Court below did not sit at the hearing of this case.

more, and I want it paid. Dr. Faison is not uneasy about it." Now what did he owe him about? He does not say. Probably it was for medical services; it may have been for a tract of land; it was probably an account; it may have been a bond. No paper was shown or referred to. No amount was fixed; probably it was $1,000; it may have been $1,200; it was claimed to have been more than $1,900.

The evil of allowing vague acknowledgments or careless promises and these dependent upon the memory of witnesses to bring to life a debt which was dead, has been remedied, none too soon, by a statute which requires all such acknowledgments and promises to be in writing. But that statute was subsequent to this claim and does not affect it.

There is another objection which is fatal to the plaintiff; the acknowledgment was not made to the plaintiff, but to a stranger.

We have decided at this time in *Parker*, Adm'r. v. *Shuford*, Adm'r, that the acknowledgment or promise must be to the creditor himself. See that case and the authorities there cited, which it is unnecessary to repeat.

There is error.

PER CURIAM. *Venire de novo.*