S. W. PATE v: A. J. BROWN.

*Bond—Delivery,—Evidence.*

1. An instrument in the form of a promissory note, with a seal attached, has all the qualities of negotiable paper, in this State.

2. The production of such a paper, supported by proof of the handwriting of the obligor, is sufficient evidence of delivery and of the ownership of the holder.

(*Blume* v. *Bowman*, 2 Ired. 338 ; *Jackson* v. *Love*, 82 N. C., 405 ; *Whitsell* v. *Mebane*, 64 N. C., 345, cited and approved.)

CIVIL ACTION tried, on appeal from a justice's court, at Spring Term, 1881, of RICHMOND Superior Court, before Gudger, J.

The plaintiff declared upon a bond executed by the defendant on the first of February, 1868, and made payable to one Elijah Pate, for the sum of one hundred and thirteen dollars, and assigned by endorsement to the plaintiff on November 8th, 1876.

The facts relating to the point decided are stated in the opinion. Judgment for plaintiff, appeal by defendant.

*Mr. Platt D. Walker*, for plaintiff.
*Messes. John D. Shaw* and *W. A. Guthrie*, for defendant.

SMITH, C. J. The defendant denies that he executed the bond in suit and the only exception presented is to the ruling of the court as to the sufficiency of the proof of the delivery. The instrument was produced by the plaintiff on the trial and the subscribing witness testified that he saw the defendant sign it, and that the endorsed transfer to the plaintiff was in the proper handwriting of the defendant, with which he was acquainted. The defendant offered no testimony and his counsel asked the court to instruct the

jury that it was incumbent on the plaintiff to prove the execution of the bond, and that his possession was no evidence of the execution.

The court declined so to charge and told the jury " that the fact that the bond was in possession of the plaintiff was some evidence of its execution."

We think there was no error in this ruling and the court might have gone further and said that the possession and production of the instrument by the plaintiff raised a presumption of the delivery in the absence of rebutting evidence.

Bonds for the payment of money only, while they retain in other respects the properties and incidents of obligations under seal, are in this state put upon the footing of promissory notes and both are made negotiable securities under the statute. Bat. Rev., ch. 10.

Proof of their genuineness accompanied with their possession and production in court is sufficient evidence of the delivery and ownership. The same facts with proof of the assignment will enable the assignee to recover. Delivery is equally essential to the validity of the instrument as a contract whether with or without a seal, and is an essential element in the execution of each. "After the bill or note is produced," says GREENLEAF, " the next step is to prove the signature of the defendant." 2 Green. Ev. § 158.

Whenever a bill or note is found in the hands of the payee, it will be presumed that it was delivered to him, but the presumption may be rebutted. 2 Danl., Neg. Instr., § 65 ; Abb. Tr. Ev., 391.

So where a similar objection was made in *Blume* v. *Bowman*, 2 Ired., 338, DANIEL, J., delivering the opinion uses this language: "When a bond like this has no subscribing witness, then the proof of possession by the' obligee, and also of the handwriting of the obligor, is a sufficient ground for presuming that the bond was what it purports to be,

*sealed and delivered* by the obligor. This inference is made because of the two possible modes of acquiring possession; it will be assumed to be rightful rather than tortious—because the possession accords with the terms of the instrument and the delivery a consummation of the expressed intent. *Jackson* v. *Love,* 82 N. C., 405.

The case of *Whitsell* v. *Mebane,* 64 N. C., 345, relied on for defendant is not repugnant to the authorities cited. There, the bond was placed in the hands of a third person to be delivered to the obligee on certain specified conditions, and was delivered to the obligee after the authority to do so had been withdrawn, and it was insisted that the obligee's possession raised the presumption that the conditions had been complied with and dispensed with proof, and the court declare that the burden of showing execution by proof of performance of conditions precedent rested on the plaintiff. The decision does not touch the general proposition that delivery of a bond will be presumed from the fact that it is in the possession of the obligee when there is no rebutting evidence offered.

There is no error, and the judgment must be affirmed.

No error. Affirmed.