WILLIAM F. NEAR v. PETER LOWE, SAMUEL J. P. SMEAD AND CHARLES RAYNER, ADM'R FOR JOHN RAYNER.

*Partner's right to accounting—When barred.*

A partner's right to an accounting is not barred in six years where the partnership articles are under seal and contain covenants. No claim under such articles would be barred in that time unless raised in an action of assumpsit.

The statute of limitations, if it runs at all against a partner's right to an accounting, is barred by dealings in the shape of a showing of balances.

Where partnership articles provided that the partnership should expire by limitation, but the business was allowed to run on until a later date when a new firm was formed, leaving out one of the original partners, and bringing in another, it was *held* that the partner who was dropped had a right to an accounting from the members of the new firm.

Appeal from Ingham.    Submitted October 18.    Decided October 31.

BILL for accounting.    Complainant appeals.    Reversed.

*J. C. Shields* and *M. V. Montgomery* for complainant.

*Chatterton & Haynes* for defendants.

CAMPBELL, J.    Complainant filed his bill for an accounting concerning a partnership of which he, defendant Lowe, and John Rayner were members, which was to expire by limitation in May, 1871. The business in fact ran on until July 31, 1871, when a new firm was formed which introduced defendant Smead, and left out complainant. He claims that he has had no account of the business, and also that he should share in the new business.

The testimony indicates that there has been no accounting, although it is claimed he received money in full of his proportion. Possibly he did, but he was entitled to know how matters stood, and there is testimony indicating that he

did not receive credit in full for what was due him. This can only be cleared up by an account showing the whole state of affairs.

It was held by the court below that the right to an account was barred in six years, as decided in *Jenny v. Perkins* 17 Mich. 28. That case held that the legal analogy would properly apply in case there were no equities to the contrary. As the articles of partnership were under seal and contained covenants the legal bar of six years could only arise in an action of *assumpsit*. *Christy v. Farlin* ante, p. 319. In other actions it would require ten years. Moreover there were dealings within six years, in the shape of an alleged showing of balances, which would cut off the bar, had it otherwise existed.

As the circuit court did not pass upon any other question we shall not attempt to determine the merits beyond ordering an accounting. Until that is taken we do not think it clear that defendant Smead should be discharged. It may be that the new firm has dealt in such a way as to involve it in the account. We have no means of knowing how this is, and when the final decree is granted full justice can be done to all parties.

The decree must be reversed with costs, and the cause remanded for an accounting.

The other Justices concurred.