WILLIAM F. NEAR v. PETER LOWE, SAMUEL J. P. SMEAD AND CHAS. RAYNER, ADM'R FOR JOHN RAYNER.

*Accounting—Commissioner's report—Interest—Costs.*

1. The commissioner's report in a case of accounting is not, like a referee's finding at law, conclusive as to facts if supported by evidence; the judge himself must on exceptions decide upon the facts according to his own view of the evidence.

2. A bank-partner who had put into the concern but a small part of what he had agreed to, and had that on a deposit account which he generally kept overdrawn, was charged interest on monthly balances at two per cent. a month, the charges being entered on his pass-book. He protested against this for more than ten years, but practically acquiesced in it, the interest being, in effect, paid when so charged. *Held,* that while interest at that rate could not be recovered against him, he could pay it if he saw fit, and after such long practical acquiescence he had no claim to relief.

3. Costs were withheld on dismissal of a bill for an accounting where nothing in the nature of a partnership settlement had been had for ten years.

Appeal from Ingham.    (Gridley, J.)    April 21–22.— May 13.

BILL for accounting, etc. Complainant appeals. Affirmed.

*J. C. Shields* and *M. V. Montgomery* for complainant.

*M. D. Chatterton, Lucian Reed* and *Huntington & Henderson* for defendants.

COOLEY, C. J. After the decision rendered in this case, and reported in 49 Mich. 482, the parties proceeded to an accounting of their partnership affairs, and the commissioner to whom the case was referred made a report in which he found in complainant's favor five items, aggregating $3531.70. On exceptions to his report the circuit judge disallowed them all, and ordered the complainant's bill dismissed. The complainant has appealed.

A careful consideration of the record has satisfied us that the circuit judge has reached a correct conclusion on the facts. We were at first in doubt as regards an item for complainant's half of a safe which was disposed of by the partnership, but the evidence of defendant Lowe is positive that complainant was credited for it in his account with the firm; and if so, he was paid. Complainant's evidence respecting it seems evasive, and it is only to the effect that he "claims" he has not been paid.

Complainant raises certain legal questions. *First,* he insists that the report of the commissioner, like that of a referee at law, should be held a conclusive finding upon the facts, so far as it appeared there was any evidence to support it. But this is not the rule in equity. The judge must decide upon the facts on exceptions, according to his own view of what is established by the proofs.

One of the items allowed by the commissioner was for excessive interest paid by the complainant. The business of the partnership was a banking business, carried on in a small way, and to which complainant was to contribute two thousand dollars as capital. He actually put in but $237.60, and even that small sum was after a time transferred to his deposit account. The deposit account was generally overdrawn and defendants gave evidence that it was agreed inter-

est should be charged on monthly balances at two per cent. a month; the money being actually worth that to the business. The interest complained of was interest thus charged.

No such interest could have been recovered, but complainant might pay it if he saw fit. It clearly appears that he was charged with it from month to month, and that it was entered regularly upon his pass-book. And, while he says he protested against this, he seems to have rested content with protests for more than ten years, before doing more. As the interest was in effect paid when charged to the complainant, and entered in his pass-book, and as he practically acquiesced in the successive entries, he has no claim to be relieved now, even if he did verbally object at the time, which is denied on the part of defendants.

The decree dismissing the bill must be affirmed, but as there had never been anything in the nature of a settlement of partnership accounts, it seems a very proper case for leaving each party to pay his own costs.

CAMPBELL and CHAMPLIN, JJ. concurred.

SHERWOOD, J. I do not concur in the above opinion so far as it relates to the allowance of interest. Under the testimony I think interest should be allowed, but not to exceed the rate of ten per cent. I do not think charging it up upon the books without a settlement of the account sufficient to authorize it beyond that rate.