EDWIN BATES & CO. v. E. B. HERREN & CO.

*Limitations—New Promise.*

1. A new promise, to repel the plea of the statute of limitations, must be in writing. *The Code*, §51.

2. An acknowledgment that the contract sued upon was correct, and a promise by the obligor that it should be paid as soon as he could sell some stock and make collections, is a conditional promise, and will not obstruct the running of the statute.

3. A promise by an obligor that he will pay, if he is not put to trouble, unaccompanied by a request for an indulgence, or an agreement for forbearance, will not avoid the operation of the statute.

(*Barcroft* v. *Roberts*, 91 N. C., 363, distinguished and approved).

CIVIL ACTION, tried before *Avery, Judge*, and a jury, at Fall Term, 1886, of HAYWOOD Superior Court.

This was an action commenced before a justice of the peace on the 10th day of May, 1883, for the recovery of the sum of one hundred and sixty-five dollars and seventy-three

cents and interest thereon from the 16th of February, 1876, alleged to be due by note not under seal, and carried to the Superior Court by appeal of the plaintiffs. The defendants pleaded the statute of limitations.

The plaintiff introduced the note, signed " E. B. Herren & Co.," dated October 16th, 1875, and due four months after date.

· Then plaintiff introduced as a witness, W. M. Cocke, Jr., who testified that the note was sent him for collection some time in the year 1877; that he notified A. J. Herren, administrator of E. B. Herren, deceased, (E. B. Herren having died in the spring of 1876), who said the note was correct, and that he would pay it as soon as he could sell some stock and make collection; that A. J. Herren never asked any indulgence or forbearance on said note, and there was no agreement for forbearance.  Witness also spoke to defendant, W. E. Miller, about the note, and Miller said it was correct, and that A. L. Herren had been paid to pay it.  The witness also testified that he presented the note to S. C. Herren, (who had succeeded A. J. Herren as administrator of E. B. Herren), who said that if the witness or his clients would not put them to trouble he would pay the note.  This conversation took place not more than one or two months after said S. C. Herren was appointed administrator *de bonis non* of E. B. Herren, which appointment was made on the 15th day of February, 1879.

· Cocke further testified, that he would have brought suit within the three years if A. J. Herren had denied the note, and if defendants had not promised to pay it.

Upon demurrer to the testimony, on the ground that the plaintiffs' right of action was barred by the statute of limitation in any view of the testimony, the court intimated that the jury would be instructed that there was no promise of forbearance, or other promise, sufficient to prevent the bar by the statute of limitation, and that the plaintiffs were not entitled to recover.  The question whether there was a new promise was the only question raised.

Whereupon plaintiffs submitted to a non suit and appealed to Supreme Court.

*Mr. Geo. A. Shuford*, for the plaintiffs.
No counsel for the defendants.

ASHE, J. (after stating the facts). The only question presented by this record for our determination, is whether the debt sued for is barred by the statute of limitations.

The promise made by the first administrator, A. J. Herren, was conditional, depending upon his selling some stock and making collections, and it does not appear that he ever sold the stock. This promise had no effect in obstructing the running of the statute.

Then the promise of the administrator, S. C. Herren, that he would pay the note, if Mr. Cocke and his client would put him to no trouble, was made more than three years after the cause of action accrued on the note, and more than five years prior to the commencement of the action. So that, taken either way, the action was barred. But the plaintiff says he was prevented from bringing suit in time, in consequence of the first administrator not denying the note, and the promise of the last administrator to pay it. But the witness Cocke testified, that A. J. Herren did not ask "any indulgence or forbearance, and there was *no agreement for* forbearance," nor was there any promise on the part of A. J. Herren or S. C. Herren that they would not rely upon the statute of limitation, and that distinguishes this case from that of *Barcroft* v. *Roberts*, 91 N. C., 363. And now, by section 51 of *The Code*, it is required that a promise to take a case out of the operation of the statute, should be reduced to writing. This is conclusive. If the contention of the plaintiff that he was prevented from suing at an earlier date, was sustained, then every new promise to pay a debt, barred by the statute, would be sufficient to repel the statute, and would defeat the

purpose of the Legislature in requiring such promises to be in writing. There is no error in the judgment of the Superior Court, and it is affirmed.

No error.                                           Affirmed.