JAMES H. MURRAY v. JAMES PENNY.

*Statute of Limitations—Partnership.*

In an action against a copartner for an account, the statute of limitations begins to run from the date of the dissolution of the copartnership. unless there is some agreement expressed or implied to the contrary, or some circumstances that render a settlement impossible.

CIVIL ACTION, commenced on April 4th, 1890, and tried at October Term, 1890, of WAKE Superior Court, *Boykin, J.,* presiding.

It was admitted that plaintiff and defendant entered into a copartnership in the year 1884, and that the copartnership was dissolved by mutual consent in the fall of 1885.

There was but one issue submitted to the jury, and that was upon the statutory bar; and after hearing the evidence, the. Court held that the plaintiff's action was barred by the statute of limitations, and instructed the jury to return a verdict in favor of the defendant, and from a judgment rendered in accordance therewith the plaintiff appealed.

The plaintiff testified that at the time of the dissolution of copartnership, the defendant was indebted to him upon a fair accounting in the sum of four hundred dollars; that soon after the dissolution the plaintiff and the defendant agreed that they would submit the whole matter to one Jesse Winborne and abide his decision; that the plaintiff carried the partnership books and accounts to the said Winborne and requested him to state the partnership account; the defendant was not present and did not assent to the manner of stating the account; that Winborne stated the account from the book and *ex parte* statements of plaintiff, and found a balance due plaintiff of over four hundred and thirty dollars; that plaintiff the next day carried this statement to defendant,

and the defendant at once refused to accede to the same; said he desired two men to state the account, and that he should be present when it was done; that he was not present when Winborne made the statement, nor was he notified to be present; plaintiff, after this, upon several occasions, demanded a settlement, and defendant as often put him off, and finally the plaintiff demanded of defendant a settlement a few days before this action was brought, and the defendant, for the first time, refused to account, and said, in substance, plaintiff would have to sue him.

*Mr. T. P. Devereux*, for plaintiff.
*Mr. J. H. Fleming*, for defendant.

CLARK, J.: The Court having held that, upon the evidence, the plaintiff's claim was barred and so instructed the jury, it is necessary to consider the evidence in the light most favorable to the appellant.

Unless there is some agreement, express or implied, fixing a period for accounting beyond the time of dissolution, or circumstances that render an accounting impossible, the statute begins to run from the time the partnership is in fact dissolved. Wood on Lim., § 210. During the existence of the partnership, the partners mutually sustain the relation of trustee and *cestui que trust.* Where there are debts still due the firm, and after dissolution one of the partners is to collect them, or other circumstances showing that a settlement is impossible, the relation of trust between the partners may continue till some act puts them in adversary position to each other. Nothing of that kind is in evidence. There is nothing to show that any debts were outstanding and uncollected, or that any trust remained to be executed. On the contrary, it appears that an immediate settlement was possible, and that both partners agreed that it should be made at once. The plaintiff relies upon the

evidence offered by himself, that "soon after the dissolution the plaintiff and defendant agreed that they would submit the whole matter in controversy to Jesse Winborne and abide his decision." The plaintiff contends that this is an equitable estoppel upon defendant to plead the statute. How far this is true under the statutory requirement that a waiver of the statute must be in writing, we need not now consider. *Bates* v. *Herren*, 95 N. C., 388. For conceding that such an agreement was valid to bar the running of the statute, it was not so for an unlimited period. It could only be a waiver for such time as was reasonable for the statement to be made out by Winborne, or until the agreement was repudiated by one of the parties, when their position would again become antagonistic and the statute would begin to run. *Joyner* v. *Massey*, 97 N. C., 148. According to the evidence of both parties the agreement to refer to Winborne was almost immediately repudiated (in November, 1885), and though there was evidence that the defendant then offered to leave the matter to two referees, it is not stated that such offer was accepted or acted on. This action was not brought till April, 1890, more than five years after the repudiation by the defendant of the attempted arbitration. It is true the Judge held that the statute began to run upon the dissolution, but the error (if there was any) is immaterial error, for the statute certainly ran after the refusal to acknowledge the statement made by Winborne, which was a very short time after the dissolution, and, therefore, much more than three years before the institution of this action.

Affirmed.