THE GEORGE W. HELM COMPANY v. C. F. GRIFFIN.

*Statute of Limitations—Acknowledgment of Debt—New Promise.*

1. A mere acknowledgment of a debt barred by the statute of limitations, though implying a promise to pay, will not repel the statute; to have that effect, the acknowledgment, as provided by section 172 of *The Code*, must not only be in writing, but must be accompanied by an unconditional promise to pay the debt.

2. Where a debtor wrote to his creditors declining proffered credit because he was unable to pay what he already owed them (which was barred by the statute), but expressing his confidence in his ability to pay whatever he might contract for in the future: *Held*, that, as the letter contained no promise to pay the barred debt, the bar of the statute was not removed.

CIVIL ACTION, tried at October Term, 1892, of the Superior Court of WAYNE County, before *Bryan, J.*, a jury trial being waived.

The plaintiff declared on an account for $235.07, dated November 29, 1887, for goods sold and delivered. The defendant admitted the sale and delivery of the goods at

the price named, but denied the indebtedness, and pleaded the statute of limitations.

The plaintiff replied a new promise made to Benjamin Lyon, who, it was admitted, was the agent of the plaintiff, and to support such new promise.put in evidence a letter in the following words and figures, to-wit:

"GOLDSBORO, N. C., October 6th, 1891.

"*Mr. Benj. Lyon, Wilmington, N. C.*

"MY DEAR SIR:—Your letter of last night to hand, and in reply thereto would say that I reckon I might as well hold on awhile in taking hold of your snuff, as I feel quite a delicacy in asking your firm for further credit, knowing that I have been unable to pay what I owed them in Wilson. I have perfect confidence in paying what bills I may contract in the future, and am better able to do so now than I was then. Let me get straight with the world, then I will ask for their confidence, but never till then. What confidence is given me must be voluntary.

"With the highest regards for you, I am,

      "Yours truly,     C. F. GRIFFIN."

The plaintiff, also, for the purpose of identifying this as the Wilson debt referred to in the letter, introduced a deed of assignment, made in Wilson, N. C., by the defendant, dated January 2, 1888, in which, among the creditors named to be paid among his general creditors, was the plaintiff, as follows: "George W. Helm Co., Helmetta, New Jersey, $235.07, due by account."

The Court, being of opinion that the evidence was not sufficient to repel the statute of limitations, gave judgment against the plaintiff for the cost of the action, from which judgment the plaintiff appealed.

*Mr. W. C. Monroe,* for plaintiff (appellant).
No counsel *contra.*

CLARK, J. : Under the former statute of presumptions an acknowledgment of the non-payment of a debt coming within its operation would rebut the presumption of payment arising from the lapse of time. But now we have no statute of presumptions. *The Code,* §138, prescribes a statute of limitations only. The acknowledgment which is now requisite as evidence of a new or continuing contract must not only be in writing (*The Code,* §172), but it must be an unconditional promise to pay the debt. *Bates* v. *Herren,* 95 N. C., 388; *Greenleaf* v. *Railroad,* 91 N. C., 33. A mere acknowledgment of the debt, though implying a promise to pay it, will not revive it. *Riggs* v. *Roberts,* 85 N. C., 151; *Faison* v. *Bowden,* 76 N. C., 425. This section (172) provides that the statute is only waived by an acknowledgment or new promise, which amounts to "a new or continuing *contract.*"

The letter here relied on contains no promise whatever, neither express nor implied, conditional nor unconditional. It is in no sense a contract. At the most, it is a mere acknowledgment of the indebtedness, which had become barred, but without any promise to pay it. The bar of the statute is, therefore, not removed.

PER CURIAM.                              No Error.