## McPHAUL *v.* CURRY *et al.*

ATKINSON, J. In January, 1906, J. G. McPhaul, owner and operator of a plant for the manufacture of naval stores, entered into an agreement to sell a three-fourths interest therein to W. R. Curry, C. S. Sealy, and D. A. Brown, McPhaul retaining the other fourth; the business to be continued under the management and control of the purchasers under the firm name of McPhaul, Brown & Co. The agreement was reduced to writing and signed by all parties except Sealy, and he with the other purchasers took possession under it. The agreement contained the following stipulations: "but the property herein bargained for by the said parties of the second part is a three-fourths interest in the above-described property, and the said J. G. McPhaul agrees to sell and convey to the said parties of the second part said three-fourths interest in and to said property for and in consideration of the sum of twelve thousand dollars payable out of the net profits of said three-fourths interest in said property, the said McPhaul distinctly reserving a one-fourth interest in and to said property and the net profits on said one-fourth interest. The sum of six thousand dollars or one half of the said twelve thousand dollars is due and payable, with interest on same at 8% per annum from this date, to said McPhaul by said parties of the second part on January 1st, 1908, and the balance of six thousand dollars to be paid, with 8% interest from date, to said McPhaul on or before January 1st, 1909; the said parties of the second part to have the active management and control of said property and to operate the same during the years 1907 and 1908, for and in the interests of the said parties of the first and second part and for the purpose of this agreement, and no party herein connected with said contract shall receive any salary or stipend from the proceeds of said business over and above the net profits on his individual one-fourth interest in the profits of said business. It is further agreed that the net profits on the one-fourth interest

of the said McPhaul shall at reasonable and seasonable times [be] subject to his demand, and the profits on the three-fourths interest of parties of the second part shall be due and payable first to the purchase-price of the same as herein specified; but all the proceeds and profits of the entire property shall first discharge the obligations and charges made and contracted in the operation of said business for said two years 1907 and 1908. No title of the said three-fourths interest shall pass to said parties of the second part until the terms of this contract and the payments herein set forth shall have been made. The said parties of the second part together with the party of the first part shall be equally, that is according to their interests in said property, bound for discharge of all obligations and demands made necessary by the operation of said property for the years 1907 and 1908; but said parties of the second part shall be bound for the purchase-price of said three-fourths interest in said property, unless said property shall produce, over and above expenses on the said three-fourths interest in said two years, sufficient to pay said purchase-price of same, and they shall acquire no interest whatever in said property unless said purchase-price is duly paid as herein contemplated." In 1908 it was ascertained that the business was losing money; and by consent of all parties McPhaul assumed and discharged certain debts of the firm to general creditors, and received from the firm all its assets, which were of less value than the amount agreed to be paid for the three-fourths interest in the business, but exceeded the amount of the firm debts discharged by McPhaul. On March 20, 1912, McPhaul instituted an action against W. R. Curry, C. S. Sealy, and D. A. Brown, for an accounting and contribution; alleging these defendants were liable to contribute ratably for the difference between the value of the assets returned to him and the value of the property turned over by him, and also for the amount of the firm debts paid by him. Certain of these debts were paid on March 23, 1908. *Held:*

1. The written agreement showed the creation of a partnership; and though it was not signed by Sealy, he was nevertheless bound by its terms, having accepted possession under it and engaged in the partnership enterprise as a member of the firm. *Louisville & Nashville R. Co.* v. *Nelson*, 145 *Ga.* 594 (89 S. E. 693).

2. By the terms of the contract, properly construed, the defendants were never to pay for their interests in the property sold, except from net profits, but all of the partners were bound for partnership debts. Although on account of the failure to make net profits the defendants would not be bound for the agreed purchase-price, that would not save them from liability to contribute to pay partnership debts.

3. The right of action for contribution, relatively to the difference in value between the property delivered by the plaintiff and that returned to hi ı more than four years before commencement of the suit, and certain moneys advanced more than four years before the suit, was barred by the statute of limitations. But the right of action for contribution to reimburse the plaintiff for payment of firm debts which were paid by him less than four years before the institution of the suit was not barred.

4. It was erroneous to dismiss the action on demurrer.

*Judgment reversed. All the Justices concur, except Evans, P. J., dissenting.*

DECEMBER 14, 1916.

Action for accounting and contribution. Before Judge Cox. Calhoun superior court. January 3, 1916.

*Pope & Bennet,* for plaintiff.

*Smith & Miller* and *M. C. Edwards,* for defendants.