JOSEPH SHIMEL, Plaintiff, *v.* NORAH H. WILLIAMS, as Administratrix of the Estate of FRANK WILLIAMS, Deceased, Defendant.

Supreme Court, New York County, February 25, 1930.

*Boskey, Schiller, Marvin & Serling,* for the plaintiff.

*J. Sidney Bernstein,* for the defendant.

UNTERMYER, J.   This action was brought to recover from the defendant, the administratrix of one Frank Williams, the sum of $3,320 upon an instrument executed by Frank Williams on the 23d day of February, 1921, and delivered to the plaintiff in words and figures as follows: " 3320.00.   Broadway Central Bank.   New York, 2/23, 1921.   Charge.   F. W. H. Rebholz.   I. O. U.   Frank Williams Cashier."   At the time of this transaction, Rebholz was the assistant cashier of the Broadway Central Bank and Frank Williams was its president.   The only witness at the trial was Rebholz, called on behalf of the plaintiff, who testified to the signature of Williams on the I. O. U., the preparation of the instrument by Rebholz at the request of Williams, that he witnessed the signature of Williams to the I. O. U., and was present when it was delivered by Williams to the plaintiff.   There was some, but not

very satisfactory, evidence of previous financial transactions between the plaintiff and the deceased from which it might be inferred that the deceased was indebted to the plaintiff at the time of the execution and delivery of the I. O. U. At the trial the complaint was amended to conform to the proof. The defendant offered no evidence, contending, on the plaintiff's case, that although the plaintiff had shown execution and delivery, he had failed to show any consideration for the I. O. U. This instrument, not made payable to bearer or order, is not a negotiable promissory note for which, in the absence of evidence to the contrary, a consideration would be presumed. (Neg. Inst. Law, §§ 20, 50.) Notwithstanding impressive authorities to the contrary elsewhere (*Fesenmayer* v. *Adcock*, 16 Mees. & W. 449; *Melanotte* v. *Teasdale*, 13 id. 216; *Smith* v. *Smith*, 1 F. & F. 539; *Gould* v. *Coombs*, 1 C. B. 543; *Fisher* v. *Leslie*, 1 Esp. 425; *Israel* v. *Israel*, 1 Camp. 499; *Childers* v. *Boulnois*, Dowl. & Ry. N. P. 8; *Beeching* v. *Westbrook*, 8 Mees. & W. 411; *Gay* v. *Rooke*, 151 Mass. 115; 23 N. E. 835; *Gray* v. *Bowden*, 23 Pick. [Mass.] 282; *Commonwealth Ins. Co.* v. *Whitney*, 1 Metc. [Mass.] 21; *Daggett* v. *Daggett*, 124 Mass. 149; *Almy* v. *Winslow*, 126 id. 342; *Carson* v. *Lucas*, 13 B. Mon. [Ky.] 213; *Garland* v. *Scott's Estate*, 15 La. Ann. 143; *Currier* v. *Lockwood*, 40 Conn. 349; *Brenzer* v. *Wightman*, 7 Watts & Serg. [Pa.] 264; *Biskup* v. *Oberle*, 6 Mo. App. 583; Redfield Law of Commercial Paper, § 19; 1 Danl. Neg. Inst. [6th ed.] § 36; 1 Randolph Com. Paper [2d ed.], § 88), four concurring decisions have established the rule here that such an instrument is a non-negotiable promissory note. (*Kimball* v. *Huntington*, 10 Wend. 675; *Russell* v. *Whipple*, 2 Cow. 536; *Hegeman* v. *Moon*, 131 N. Y. 462; *Sheldon* v. *Heaton*, 88 Hun, 535.)

By these decisions I am constrained to hold that the written admission of a set of facts justifying the legal implication of a promise to pay will constitute a promissory note. An express promise to pay is not necessary; an implied promise arising from the existence of the debt is sufficient. The question remains whether, either by presumption of law or internal evidence, the note here discloses a consideration. Under the provisions of the Revised Statutes (1 R. S. 768, §§ 1, 4), in effect previous to the Negotiable Instruments Law (Laws of 1897, chap. 612), promissory notes, negotiable and non-negotiable alike, were entitled to the benefit of the presumption of consideration. (*Carnwright* v. *Gray*, 127 N. Y. 92.) That rule was abrogated with respect to non-negotiable instruments by the enactment of the Negotiable Instruments Law. (*Deyo* v. *Thompson*, 53 App. Div. 9; *Owens* v. *Blackburn*, 161 id. 827.) Accordingly, the legal presumption of a consideration which obtains

with respect to negotiable notes does not attach to the instrument here. But none the less does the evidence of a consideration appear within the note as clearly as if it were expressed to have been given for " value received " (*Owens* v. *Blackburn*, 161 App. Div. 827), for the instrument here is not merely the expression of a promise; it is the declaration of a debt. As such it constitutes an admission of every element which is necessary to create a valid debt, including a consideration. A promise there may be indeed without consideration, but a debt without consideration is a contradiction in terms. In *Matter of Gallagher* (153 N. Y. 364) a similar memorandum written by the deceased was said to constitute " an admission of a legal enforceable liability to the claimant for the sum stated therein. The words, ' I owe him that,' imply a debt, and there can be no debt, in a legal sense, without a consideration to support it. Both a debt and a consideration are implied in the words quoted."

The execution and delivery of a promissory note is, moreover, *prima facie* evidence of an accounting and settlement of all demands between the parties and that the maker was indebted to the payee upon such settlement to the amount of the note. (*Lake* v. *Tysen*, 6 N. Y. 461; *Sheldon* v. *Sheldon*, 133 id. 1.)

I, therefore, find that the defendant is indebted to the plaintiff for the sum of $3,320, together with interest from February 23, 1921, amounting to $1,793.91, and hereby direct a verdict in favor of the plaintiff and against the defendant for the sum of $5,113.91.