### 29480. DUKES *v.* ROGERS.

DECIDED MAY 21, 1942.   REHEARING DENIED JULY 25, 1942.

*A. A. Nathan, Conyers, Gowen & Conyers,* for plaintiff.
*D. M. Clark, Highsmith & Highsmith,* for defendant.

MacIntyre, J. "As to a claim or demand by one partner against another, arising out of the partnership business, the statute of limitations does not in any event begin to run until after a dissolution of the partnership, and this is true although for a considerable period before dissolution the firm had not been actively engaged in the prosecution of its business but had placed its assets in the hands of an agent for the purpose of collecting the same and paying the partnership debts." *Harris* v. *Mathews,* 107 *Ga.* 46 (32 S. E. 903). "After the dissolution of a partnership, the statute of limitations does not begin to run in favor of one partner against another until the partnership affairs, as to debtors and creditors of the firm, have been wound up and settled, or, at least, a sufficient time has elapsed since the dissolution to raise the presumption that such was the fact." *Prentice* v. *Elliott,* 72 *Ga.* 154. But nothing here remained to be done after the dissolution of the firm other than the adjustment of the assets between the partners. All dealings had ceased and all matters had been closed as between the partnership and third persons, so why should there be any greater delay in settling the account as between the partners than is allowed in other cases of account? It is equally within the policy of the statute. Wilhelm *v.* Coylor, 32 Md. 151; Hellenbrand *v.* Bates, 21 Ky. L. R. 1759 (56 S. W. 418). "And in the absence of an express contract in regard to the matter or of the conduct of

the partners which works an extension of time for bringing the suit the statute begins to run at the date of the dissolution." Currier v. Studley, 159 Mass. 17 (33 N. E. 709) ; Murray v. Penny, 108 N. C. 324 (12 S. E. 957). There is nothing in the circumstances of this case upon which to ground a trust in favor of the plaintiff after the dissolution; no partnership property came into the defendant's possession after the dissolution, and he was not charged by any agreement with the duty of collecting debts due the partnership, nor did he in fact collect any such debts. The obligation, it seems to us, of the defendant partner, or rather, former partner, was merely to account to the plaintiff. He was not a trustee but merely a debtor. Gray v. Kerr, 46 Ohio St. 652, 659 (23 N. E. 136).

It is true in the instant case that the articles of partnership are a written instrument under seal, and there is no express agreement therein for an accounting. In *McPhaul* v. *Curry*, 146 *Ga.* 305 (91 S. E. 89), cited by the defendant, the articles of partnership were a written instrument not under seal. "Actions upon bonds or other instruments under seal shall be brought within 20 years after the right of action shall have accrued. . ." Code, § 3-703. "All actions upon promissory notes, bills of exchange, or other simple contracts in writing shall be brought within six years after the same shall have become due and payable." § 3-705. "All actions upon open account, or for the breach of any contract not under the hand of the party sought to be charged [parol contract], or upon any implied assumpsit or undertaking, shall be brought within four years after the right of action shall have accrued." § 3-706. In the *McPhaul* case, which was an action alleged in the petition to be for an accounting and contribution between the partners before dissolution, the Supreme Court held that § 3-706 was applicable, and in order to avoid the statute of limitations the suit must be brought within the four-year period.

In the instant case we construe the suit as being one in assumpsit. "Assumpsit. Lat. He undertook; he promised. A promise or engagement by which one person assumes or undertakes to do some act or pay something to another. It may be either oral or in writing, but is not under seal. It is *express* if the promisor puts his engagement in distinct and definite language; it is *implied* where the law infers a promise (though no formal one has passed) from the conduct of the party or the circumstances of the case."

Black's Law Dict. (3 ed.) 159. This suit, it seems to us, is not one on the agreement in the articles of partnership itself, but the foundation of the action is the subsequent assumpsit which is stated in the declaration. In other words, the foundation of the suit is a promise to account, or a contract to account, made subsequently to the dissolution of the partnership, if you please, and the preceding sealed instrument, which was attached to the declaration and made a part thereof, was only the inducement to the subsequent promise not under seal. 1 Wash. (Va.) 170; 5 C. J. 1385(54); 7 C. J. S. 113(46). Therefore, we think, no settlement having been arranged among the partners within the statutory period following the dissolution, at which time the partnership affairs were closed, and nothing remaining to be done but to account between the partners, or, rather, the former partners, the right as between them to sue for an accounting and settlement under the facts alleged in the petition was barred by the statute of limitations. Pierce v. McClellan, 93 Ill. 245, 247; Brooks v. Campbell, 97 Kan. 208 (155 Pac. 41, Ann. Cas. 1918D, 1105, 1113, notes); Christy v. Farlin, 49 Mich. 319 (13 N. W. 607); Near v. Lowe, 49 Mich. 482 (13 N. W. 825).

The case of *John A. Roebling's Sons Co.* v. *Southern Power Co.,* 145 *Ga.* 761 (89 S. E. 1075), cited by counsel for the plaintiff we think is distinguishable from the instant case in that in the *Roebling* case the implied warranty was written into the contract by statute, and was in the contract irrespective of the intention of the parties, whereas, in the instant case the promises depended entirely upon the intention of the parties as manifested in the contract. 7 C. J. S. 114 (55, 56). The plaintiff in error cites Dowse v. Gaynor, 153 Mich. 38 (118 N. W. 615), as supporting his theory that the original articles of partnership were under seal, and the statute of limitations applicable in the instant case was twenty years. In that case the plaintiff was contending that his action was one for *a right* to have an accounting under what he contended were existing articles of partnership under seal; there was no contention that there had been a dissolution; whereas in the instant case it was agreed that the partnership had been dissolved and that immediately, subsequently thereto or contemporaneously therewith, there was an agreement not under seal, between plaintiff and defendant, the plaintiff had the right to have an accounting, and there was to be an accounting.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*