MRS. LOIS SANDERS McGOWAN v. BENJAMIN BEACH, Administrator
of the Estate of WADE H. McGOWAN, Deceased.

(Filed 13 April, 1955.)

**1. Trial § 36—**

Issues submitted are sufficient when they present to the jury proper inquiries as to all determinative facts in dispute, and afford the parties opportunity to introduce all pertinent evidence and to apply it fairly.

**2. Evidence § 32—**

In an action by the widow against the executor of her husband upon an acknowledgment of indebtedness executed by the husband to her, the widow is incompetent to testify that she had loaned her husband the sum or that she saw him sign the instrument. G.S. 8-51.

**3. Executors and Administrators § 15c—**

Where a widow files claim against the estate of her husband upon a written acknowledgment of indebtedness executed by him under seal, her right to recover depends upon the legal effect of the writing coupled with the fact that she had it in her possession and introduced it in evidence, and therefore issues as to whether he signed and delivered the instrument and whether it was supported by valuable consideration are sufficient, and the court correctly refuses to submit a further issue as to whether she had loaned the money to her husband.

**4. Seals § 3—**

Where an acknowledgment of debt, including the word "seal" after the signature of the maker, is in the handwriting of the maker, it will be presumed that the maker intended to adopt the seal, and, in the absence of

proof to the contrary by the maker or his personal representative, the seal is valid.

**5. Appeal and Error § 8—**

Where the question of whether the maker of an instrument placed the seal thereon and adopted same is not controverted in the trial court, controversy in the trial court being solely as to the execution of the instrument, the appeal will follow the theory of trial in the lower court, and appellant will not be heard to contest the validity of the seal on appeal.

**6. Seals § 4: Bills and Notes § 3: Contracts § 5: Executors and Administrators § 15c—**

Plaintiff declared upon an acknowledgment of debt executed by her husband under seal, and filed claim thereon against his administrator. *Held:* The fact that the instrument was under seal imports consideration and the law will imply a promise to pay from the unqualified acknowledgment of debt as a subsisting obligation, and the introduction of the instrument in evidence, together with evidence tending to show that it had been executed and delivered by the husband to the wife, is sufficient to support judgment in her favor upon affirmative findings by the jury.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Fountain, Special Judge,* January Special Term, 1955, of CALDWELL.

Civil action to recover from the estate of Wade H. McGowan (who died on 6 April, 1951, leaving him surviving his widow, the plaintiff herein, but no lineal descendants), the sum of $15,000, together with interest on said sum from 2 January, 1945, until paid.

It is alleged in the complaint and admitted in the answer that the plaintiff and defendant are citizens and residents of Caldwell County, North Carolina; that the defendant is the duly qualified and acting administrator of the estate of Wade H. McGowan, deceased, having qualified as such on 23 April, 1952, before the Clerk of the Superior Court of Caldwell County; that the plaintiff duly filed with the defendant, as administrator, her verified claim against the estate of Wade H. McGowan, deceased, in the amount above set forth on 25 November, 1953, and that the administrator denied such claim on 4 February, 1954.

The plaintiff alleges in her complaint that on or about 2 January, 1945, W. H. McGowan (being the same person as Wade H. McGowan) borrowed from her the sum of $15,000, and as evidence of such indebtedness executed under seal his memorandum in words and figures as follows: "January 2, 1945. I owe my wife Lois McGowan $15,000. W. H. McGowan (Seal)." That there is entered thereon as credit for interest payments the following items: "Interest paid $100.00 Jan. 6, 1947. Interest paid $50.00 Jan. 5, 1948." Plaintiff introduced this instrument in evidence as her Exhibit No. 36.

The defendant denied, upon information and belief, that W. H. McGowan on 2 January, 1945, or at any other time, borrowed the sum of $15,000 from the plaintiff, and further denied, upon information and belief, that W. H. McGowan executed any such instrument as alleged by the plaintiff. Issues were submitted to the jury and answered as follows:

"1. Did W. H. McGowan sign the instrument described as Plaintiff's Exhibit No. 36, as alleged in the Complaint? Answer: Yes.

"2. If so, did W. H. McGowan deliver the same to the plaintiff? Answer: Yes.

"3. If so, was the said instrument based upon a valuable consideration? Answer: Yes."

Judgment was entered on the verdict, and the defendant appeals, assigning error.

*W. H. Strickland for plaintiff, appellee.*

*L. H. Wall and Hal B. Adams for defendant, appellant.*

DENNY, J. The defendant interposed no objection to the issues submitted to the jury but excepts and assigns as error the refusal of the court below to submit the following issue: "Did the plaintiff loan the deceased, Wade H. McGowan, the sum of $15,000, as alleged by the plaintiff?"

The general rule with respect to the sufficiency of issues was stated by *Winborne, J.,* in *Cherry v. Andrews,* 231 N.C. 261, 56 S.E. 2d 703, as follows: "Issues submitted are sufficient when they present to the jury proper inquiries as to all determinative facts in dispute, and afford the parties opportunity to introduce all pertinent evidence and to apply it fairly." See also *Lister v. Lister,* 222 N.C. 555, 24 S.E. 2d 342; *Oliver v. Oliver,* 219 N.C. 299, 13 S.E. 2d 549; *Saieed v. Abeyounis,* 217 N.C. 644, 9 S.E. 2d 399; *Hill v. Young,* 217 N.C. 114, 6 S.E. 2d 830. In our opinion, the issues submitted were not only sufficient but proper in light of the allegations in the complaint, the denials thereof in the answer, and the evidence adduced at the trial.

It should be kept in mind that the alleged transaction, which resulted in the execution of the instrument upon which the plaintiff brings this action, was a personal transaction between the plaintiff and her deceased husband. Therefore, it was not permissible under the provisions of G.S. 8-51 for the plaintiff to have testified that she loaned her deceased husband the alleged sum of $15,000, or that she saw him sign the instrument and that he delivered it to her. *Lister v. Lister, supra.* Any right to recover on the instrument must flow from its legal effect as

written, coupled with the fact that the plaintiff had it in her possession and introduced it in evidence at the trial. *Pate v. Brown,* 85 N.C. 166.

The instrument in this action purports to be under seal and wholly in the handwriting of the executant thereof, and the plaintiff offered evidence to the effect that the entire instrument was in the handwriting of W. H. McGowan. Moreover, the defendant does not attack the sufficiency of the evidence to support the answer of the jury to the first issue, except by motion to nonsuit. However, in his brief, the only argument in support of this motion is to the effect that the plaintiff offered no proof that the word "seal" was written after the name of the maker at the time he executed the instrument and, if so, that he adopted it as his seal. There is no contention on the part of the defendant that if the maker of the instrument wrote the word "seal" after his name at the time he executed the instrument and adopted it as his seal that the defendant would be entitled to a nonsuit. We think that where an instrument is wholly in the handwriting of the maker, it would be strange indeed for him to go to the trouble of writing the word "seal" after his name unless it was his intention to adopt it as his seal, and such intention will be presumed. In fact, our Court has held that a seal appearing upon an instrument, opposite the name of the maker, in the place where the seal belongs, will in the absence of proof that the maker intended otherwise, be valid as a seal. *Hughes v. Debnam,* 53 N.C. 127; *Devereux v. McMahon,* 108 N.C. 134, 12 S.E. 902, 12 L.R.A. 205; *Allsbrook v. Walston,* 212 N.C. 225, 193 S.E. 151; *Bank v. Jonas,* 212 N.C. 394, 193 S.E. 265. And this Court said in *Insurance Co. v. Morehead,* 209 N.C. 174, 183 S.E. 606, that ". . . in any event, the maker would have the burden of overcoming the presumption arising from the presence of a seal." Furthermore, the defendant admits in his brief that in the trial below, "no questions were asked about the seal, and no evidence offered tending to show its presence or adoption."

From an examination of the evidence, it is quite clear that the battle below was waged over the question as to whether the instrument introduced by the plaintiff was executed by W. H. McGowan, deceased. Moreover, counsel for defendant in the oral argument before this Court admitted that the questions now urged with respect to the seal were not raised in the trial below. "An appeal *ex necessitate* follows the theory of the trial"—*Stacy, C. J.,* in *Coral Gables, Inc., v. Ayres,* 208 N.C. 426, 181 S.E. 263. See also *Hargett v. Lee,* 206 N.C. 536, 174 S.E. 498, and *Potts v. Insurance Co.,* 206 N.C. 257, 174 S.E. 123. Therefore, since the question as to whether the seal was placed on the instrument by the maker and adopted by him, was not raised in the trial below, except by a general denial of the genuineness of the instrument, and no issue having been tendered with respect thereto, the motion for judgment as of

nonsuit will be denied. Consequently, the plaintiff's right to recover must turn solely upon the legal effect of the instrument as written, including the seal, since the jury found that W. H. McGowan executed it as alleged in the complaint.

It is said in 12 Am. Jur., Contracts Under Seal, section 74, page 567: "At common law a promise under seal, but without any consideration, is binding because no consideration is required in such a case or, as is sometimes said, because the seal imports, or gives rise to a presumption of, consideration. It has been said that the solemnity of a sealed instrument imports consideration or, to speak more accurately, estops a covenantor from denying a consideration except for fraud," citing *Thomason v. Bescher*, 176 N.C. 622, 97 S.E. 654, 2 A.L.R. 626.

*Hoke, J.* (later *Chief Justice*), in speaking for the Court in the last cited case, said: "It is the accepted principle of the common law that instruments under seal require no consideration to support them. Whether this should rest on the position that a seal conclusively imports a consideration or that the solemnity of the act imports such reflection and care that a consideration is regarded as unnecessary, such instruments are held to be binding agreements, enforceable in all actions before the common-law courts."

*Pearson, C. J.*, in considering this question in *Harrell v. Watson*, 63 N.C. 454, said: "A bond needs no consideration. The solemn act of sealing and delivering is a *deed, a thing done*, which, by the rule of the common law, has full force and effect, without any consideration. *Nudum pactum* applies only to simple contracts." To like effect are *Angier v. Howard*, 94 N.C. 27; *Samonds v. Cloninger*, 189 N.C. 610, 127 S.E. 706; *Basketeria Stores, Inc., v. Indemnity Co.*, 204 N.C. 537, 168 S.E. 822; *Coleman v. Whisnant*, 226 N.C. 258, 37 S.E. 2d 693; *Crotts v. Thomas*, 226 N.C. 385, 38 S.E. 2d 158; *Royster v. Hancock*, 235 N.C. 110, 69 S.E. 2d 29.

Whether we construe the instrument under consideration to be a nonnegotiable note, a due bill, or merely an acknowledgment by W. H. McGowan of a debt to his wife in the sum of $15,000, the fact that it was executed under seal, which in the absence of proof to the contrary, imports a consideration, the instrument is sufficient as an acknowledgment of such debt.

In the case of *Phillips v. Giles*, 175 N.C. 409, 95 S.E. 772, Mary J. Richmond executed a paper writing in pertinent part as follows: "Sept. 18, 1916: This is to certify that I, Mary J. Richmond, owe my daughter, Bettie M. Phillips, $283.95 (two hundred eighty-three dollars and ninety-five cents) for borrowed money at different times." The paper writing was not under seal. Bettie M. Phillips filed a claim with the defendant administrator of Mary J. Richmond. The claim was denied,

and as in the instant case, an action was instituted based on the paper writing. *Hoke, J.* (later *Chief Justice*), in speaking for the Court said: "It is the principle very generally prevailing on the subject, and would seem to be required with us by the phraseology of the statute itself, which clearly recognizes that either a promise to pay *or acknowledgment of the debt as an existent obligation will suffice, unless there is something to qualify the express promise or to repel that which the law would imply from the definite acknowledgment of the debt as a subsisting obligation.*" (Emphasis added.) When one unqualifiedly acknowledges a debt as a subsisting obligation, the law will imply a promise to pay. *Trust Co. v. Lumber Co.,* 221 N.C. 89, 19 S.E. 2d 138, and cited cases. See also *Shepherd v. Thompson,* 122 U.S. 231, 30 L. Ed. 1156; *Miller v. Jones,* 137 Neb. 605, 290 N.W. 467, 127 A.L.R. 646; *Shimel v. Williams,* 136 Misc. Rep. 464, 240 N.Y.S. 161; *Cummings v. Freeman,* 21 Tenn. 143; Anno. 127 A.L.R., Admission of Indebtedness, page 650, *et seq.*

The appellant cites in support of his contention that the instrument sued upon is insufficient to show a promise to pay, the following cases: *Faison v. Bowden,* 76 N.C. 425; *Riggs v. Roberts,* 85 N.C. 151, 39 Am. Rep. 692; *Hussey v. Kirkman,* 95 N.C. 63; *Helm Co. v. Griffin,* 112 N.C. 356, 16 S.E. 1023; *Wells v. Hill,* 118 N.C. 900, 24 S.E. 771; *Cooper v. Jones,* 128 N.C. 40, 38 S.E. 28; *Hunt v. Eure,* 188 N.C. 716, 125 S.E. 484; *Smith v. Gordon,* 204 N.C. 695, 169 S.E. 634; *Bryant v. Kellum,* 209 N.C. 112, 182 S.E. 708. These decisions are not controlling on the facts involved in this appeal.

In the trial below we find

No error.

BARNHILL, C. J., took no part in the consideration or decision of this case.