# JOHN H. DRUMMOND
## v.
## JOHN H. YAGER.

1. PRINCIPAL AND SURETY.—A person may be so situated as not to be liable to the holder of a promissory note as maker, and still retain to the sureties such relation that in the event of payment by one of them, he will be liable to contribute.

2. CONTRIBUTION.—The obligation of contribution is not founded upon contract, but on a principle of equity; and now the principle is universally acknowledged, and persons acting under circumstances to which it applies, are said to act under the head of contract implied from the universality of the principle, and upon this ground stands the jurisdiction assumed by courts of law.

3. PROMISSORY NOTE—CHARACTER IN WHICH PARTIES SIGN MAY BE SHOWN.—It is always competent to show the true relation of parties to a promissory note, and if they are in fact co-sureties, and as between themselves there are no circumstances giving one an undue advantage over the others, the right of contribution may be enforced

APPEAL from the Circuit Court of Madison county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed April 14, 1882.

Messrs. WISE & DAVIS, for appellant; that where a party intended to become a co-surety with others, he will be liable to contribute, cited Baylies on Sureties and Guarantors, 311.

If the defendant intended to become security for the principal, it is no matter when or how he signed his name: Munson v. Drakely, 40 Conn. 552; 1 Story's Eq. § 495; Deering v. Earl of Winchelsea, 1 Cox, 318; Craythorne v. Swinburne, 14 Ves. 160; Golson v. Brand, 75 Ill. 148.

Parol evidence may be heard to show in what character a party signed a note, whether as principal or security: Robertson v. Deatherage, 82 Ill. 511; Cushman v. Dement, 3 Scam. 497; White v. Weaver, 41 Ill. 409; Boynton v. Pierce, 79, Ill. 145.

Mr. H. S. BAKER and Mr. GEO. B. BURNETT, for appellee; that defendant is merely an indorser, and hence not subject to

contribution, cited Edwards on Bills, 293; Schnell v. North Side Planing Mill Co. 89 Ill. 581.

Parol evidence can not be received to contradict the written contract in the note: Beattie v. Browne, 64 Ill. 360; Skelton v. Dustin, 92 Ill. 49; Courtney v. Hogan, 93 Ill, 101; Mason v. Burton, 54 Ill. 348.

BAKER, J. This was assumpsit, brought by Drummond against Yager. The declaration, in substance, avers that January 18th, 1872, Miller, Levis and Drummond signed a promissory note for $400, payable to the order of Yager, who indorsed the same in blank; that said note was made to enable Miller to borrow $400 from Sweetzer and Levis; Drummond and Yager were simply sureties for Miller, who delivered the note, so signed and indorsed, to Sweetzer, who thereupon loaned him the money. That no part of the money was received, or was intended to be, by Yager; that at the time of the making and indorsing it was understood by all the parties to said note, Levis, Drummond and Yager were sureties thereon for Miller, and that Levis and Drummond signed with the express understanding Yager was a co-surety with them. The declaration also shows a failure to pay by Miller, and payment in full after maturity by Drummond, and alleges a liability on the part of Yager, the defendant, to contribute and pay to Drummond, the plaintiff, the one-third part of the sum so paid by plaintiff, and a promise, in consideration of the premises, to pay. A general demurrer was sustained to the declaration, and judgment rendered against plaintiff for costs.

The plaintiff, by executing the note as a joint maker with Miller, bound himself absolutely for the payment of the debt, whereas, the defendant, by his indorsement, so far as regards Sweetzer, engaged, at least *prima facie*, to pay only upon the default of Miller and the other makers. Whether, as regards Sweetzer, it might be shown by parol evidence that he also assumed a higher grade of liability than that of payee and indorsee, we do not deem necessary to determine for the purposes of this case. The form of the transaction with the creditor is, however, but *prima facie* evidence of the relation between the

debtors, and does not conclusively establish the order of their liability as among themselves.

A person may be so situated as not to be liable to the holder of a promissory note as maker, and still retain to the sureties such relations that, in the event of payment by one of them, he will be liable to contribute; and in Morrison v. Drakely, 40 Conn. 552, it was held that a defendant who signed the obligation after its original execution and delivery, did not thereby render himself liable to the payee as a maker, yet that, if he intended to become a co-surety with others, who, as to the payee, were joint and several makers, and as to each other co-sureties, he would be liable to contribution. The order of liability is presumed to be such as it appears to be upon the face of the instrument, and the law ordinarily fixes the relation of principal and surety, and that of co-surety and supplemental surety; but this relation may be varied by contract, whatever the form of security. The doctrine of contribution as between sureties had its origin in, and was originally confined to, courts of equity.

The obligation of contribution is not founded upon contract but on a principle of equity; and now the principle is universally acknowledged, and persons acting under circumstances to which it applies are said to act under the head of contract implied from the universality of the principle; and upon this ground stands the jurisdiction assumed by courts of law. Craythorn v. Swinburne, 14 Ves. Sr. 169. In Nurre et al. v. Chittenden et al., 56 Ind. 463, it was held, the liability of one who is apparently an indorser only on a promissory note, might, as between himself and a surety thereon, be shown by the latter, even by parol evidence, to be that of a co-surety. In Smith v. Smith, 1 Dev. Eq. 173, where plaintiff's intestate as surety signed the note of Helm, payable to defendant, and it was indorsed by defendant at the request and for the accommodation of Helm, there being no contract between plaintiff's intestate and defendant whereby they agreed to become co-sureties of Helm, it was held, plaintiff had no right of contribution from defendant.

But it was also held by the court, that the order of liability aris-

ing upon the face of the transaction might be varied by evidence, and it was said "the intestate's understanding alone would not change the operation of law upon the transaction; it required also the assent of the indorser, or that he should be guilty of some fraud, to subject him." The case was distinctly put upon the ground the suit was in equity; but the doctrine as to the jurisdiction of the court of law in this matter of contribution between co-sureties has been progressive, and we understand the rule now to be that wherever the principle of equity upon which it is based exists, then if the transaction is. not complicated with other matters of chancery cognizance, the law court will take jurisdiction. The case of Dawson v. Pettway, 4 Dev. & Batt. 396, was assumpsit, and the plaintiff had signed the instrument as co-obligor with the principal, for whom he was surety, and the defendant was payee, and accommodation indorser for the principal; it was held the indorser in the absence of an agreement otherwise, was to be taken only as a supplemental surety, and was not liable to be called on for contribution by the primary surety. In the opinion of the court it was said:

" In this case, the original bond on which the loan was obtained from the bank, and the bond subsequently given in renewal, were both executed and indorsed in the same manner. Had it been otherwise, the circumstance, perhaps, might have been evidence to a jury that the form last adopted was accidental only, and that *in fact* there had been an agreement of common and mutual liability between those who gave the benefit of their names to the principal debtor." See, also, Paul v. Berry, 78 Ill. 158; Hamilton v. Johnson, 82 Ib. 39, and Robertson v. Deatherage, 82 Ib. 511. In Baylies on Sureties and Guarantors, p. 326, it is said, it is always competent to show the true relation of the parties; and if it appears that parties to a note are in fact co-sureties, and that as between themselves, there are no circumstances giving one an undue advantage over the others, the right of contribution may be enforced without regard to the form of their contract.

We are unable to distinguish, in principle, the case before us from many others that have been decided by our own and

other courts.   The demurrer admits defendant was a nominal payee and accommodation indorser for Miller, and that at the time of making and indorsing, it was understood by all the parties to the note, Levis, the plaintiff and defendant were sureties thereon for Miller; and admits *the fact* that Levis, the plaintiff and defendant, were simply sureties for Miller.   We are of opinion the declaration is substantially good, and the general demurrer should have been overruled.

The judgment is reversed and the cause remanded, with instructions to overrule the demurrer.

Reversed and remanded.