PRENTICE *vs.* ELLIOTT.

1. After the dissolution of a partnership, the statute or limitations does not begin to run in favor of one partner against another until the partnership affairs, as to debtors and creditors of the firm, have been wound up and settled, or, at least, a sufficient time has elapsed since the dissolution to raise the presumption that such was the fact. Each partner is the agent and trustee of the firm and of the other partner, as to the collection of its assets and the payment of its debts. Nor, while there are outstanding assets and liabilities, will a partner be barred as against his copartner, on the principle of stale demands.

2. A partnership may be liable for interest to one partner who makes advances for or to the firm, when there is a special contract to that effect, or where it may be implied from the circumstances that the firm was to pay interest for such advances; otherwise, the partner will not be entitled to interest for such advances or payments, but the liability of the firm will be by account.

(*a.*) A claim by a partner for advances made for the firm is not an account stated, nor an account which by custom bears interest from the end of the year. The amount due cannot be ascertained until an accounting is had between the partners.

(*b.*) The judgment is reversed, unless interest to the time of the trial be written off from the verdict.

November 13, 1883.

· Partners. Statute of Limitations. Interest and Usury. Before Judge BROWN. Floyd Superior Court. March Term, 1882.

Reported in the decision.

UNDERWOOD & ROWELL, for plaintiff in error.

FORSYTH & HOSKINSON; D. S. PRINTUP, for defendant.

BLANDFORD, Justice

Elliott and Prentice entered into partnership in September,1871, for the purpose of buying and selling cotton, under the name of J. M. Elliott, which continued until September, 1872, when the same was dissolved by Prentice withdrawing from the firm. During the existence of the partnership, Prentice made advances to the firm, and also Elliott; they had dealings with a firm in New York; and in 1876, within four years from the dissolution, the New York firm, Inman, Swann & Co., assigned their claim, which was an account, to John Inman, one of the firm of Inman, Swann & Co., who commenced action in the superior court of Floyd county, and this case was subsequently transferred to the circuit court of the United States for the northern district of Georgia, against Elliott alone, Prentice being a dormant partner and unknown. The case was defended, Elliott claiming that Inman, Swann & Co. were indebted to him because of certain cotton which had been shipped to them; and that if the same had been sold, there would have been no indebtedness on his part, but that Inman, Swann & Co. would have been greatly indebted to him. These transactions took place during the existence of the partnership between Elliott and Prentice. The case between Inman and Elliott terminated in 1876, by a judgment in favor of Elliott. In January, 1878, Elliott filed this bill against Prentice for an account and settlement of the partnership affairs of the firm of J. M. Elliott. To this bill defendant interposed the plea of the statute of limitations. The court held that, under the facts, the plaintiff was not barred; a verdict was rendered by the jury in favor of the plaintiff for a certain sum as principal, and interest on the same from the filing

of the bill. The verdict of the jury was for several hundred dollars less than the amount of the account claimed by Elliott. A motion for new trial was made by Prentice, upon the ground that the court erred in his rulings as to the statute of limitations, and because of the finding of the jury as to interest. The court below overruled the motion for new trial. Prentice excepted, and prosecutes this writ of error to reverse the judgment of the court below in overruling the motion for new trial.

After the dissolution of a partnership, the statute of limitations would not begin to run in favor of one partner and against another until the partnership affairs, as to debtors and creditors of the partnership, had been wound up and settled, or, at least, a sufficient time had elapsed since the dissolution to raise the presumption that such was the fact. Each partner is the agent of the firm and of the other partner, as to the collection of its assets and the payment of its debts; they are trustees for the firm and of each other for such purposes. In this case, Inman, Swann & Co. claimed a large amount was due them from J. M. Elliott, arising out of transactions which occurred during the partnership of Prentice and Elliott. J. M. Elliott claimed a large amount due from Inman, Swann & Co. on account of the same transactions. The matter stood thus when the firm of J. M. Elliott was dissolved; suits were instituted by Inman and cross actions by Elliott in relation to the same, and these actions continued until the year 1876; within two years from the termination of this litigation this bill was filed. The same was not barred, and there was no error in the court below thus ruling. In the case of *Hammond vs. Hammond,* 20 *Ga.,* 556, it was ruled that the statute of limitations does not commence to run in favor of one partner against another, even after the dissolution of a partnership, as long as there are debts due from the partnership to be paid, or due to it to be collected. Nor, as long as these things are so, is a partner barred as against his co-partner by the principle of stale demands. This decision is in point, and rules this case.

Was the verdict wrong as to finding interest in favor of complainant from the time of the filing of the bill? The partnership may be liable for interest to one partner who makes advances for or to the firm, where there is a special contract to that effect, or where it may be implied from the facts and circumstances that the firm was to pay interest for such advances, otherwise the partner will not be entitled to interest for such advances or payments, but the liability of the firm will be by account. In this case there was no express or implied contract to pay interest on the money which might be paid to the firm by either partner or paid on account of the firm; such payment, therefore, by the partner who made the same, constituted a claim against the partnership by account. Until the act of 1858, no account in this state, except stated accounts, bore interest, and the claim of the complainant in this bill was not a stated account. By the acts of 1858 and 1873, Code, §2057, it is provided, "that all accounts of merchants, tradesmen and mechanics (and all others), which by custom become due at the end of the year, bear interest from that time upon the amount actually due, whenever ascertained." That the claim of plaintiff was not due at the end of the year is quite manifest; that it was not due until the partnership affairs had been wound up is equally certain; and that no interest could be allowed on the same, until it was ascertained; it was not a stated account, and it was not an account which fell due at the end of the year; hence no interest was due thereon until the amount had been ascertained. The parties had not ascertained the amount due plaintiff, and this bill was filed for that purpose, and the amount due plaintiff was never ascertained until the finding of the jury in this case. Their finding was less than the amount claimed by plaintiff; it then became ascertained and fixed, and from that time interest became an incident of the debt, not before. So that the finding by the jury of interest before that time was wrong, and a new trial should have been granted by the court be-

low on this ground, unless the plaintiff would write off from the verdict the interest up to the time of the trial of the case. The cases of *Southwestern Railroad Company vs. The State* and *State vs. Southwestern Railroad Company*, on the subject of interest, are on this line, and seem to affirm the present ruling. 70 *Ga.,* 11.

The judgment of the court below is reversed with instructions to the court below to grant a new trial in this case, unless the plaintiff shall write off the interest found by the jury before trial.

Judgment reversed on terms.