### HARRIS, executor, *v.* MATHEWS, executor.

As to a claim or demand by one partner against another, arising out of the partnership business, the statute of limitations does not in any event begin to run until after a dissolution of the partnership, and this is true although for a considerable period before dissolution the firm had not been actively engaged in the prosecution of its business but had placed its assets in the hands of an agent for the purpose of collecting the same and paying the partnership debts. It follows that where a firm was composed of two partners, both of whom died before a dissolution by agreement had been made or the partnership affairs settled, a suit upon a demand of the nature above indicated, by the representative of one partner against the representative of the other, was in time if brought within four years of the death of the partner who died first.

Argued February 13, — Decided March 17, 1899.

Complaint. Before Judge Felton. Houston superior court. April term, 1898.

*R. N. Holtzclaw,* for plaintiff.    *H. A. Mathews,* for defendant.

SIMMONS, C. J. The executor of Harris sued the executor of Visscher on account for a balance due the estate of the former's testator and arising out of a partnership between Harris and Visscher. It appears that the account was more than four years old, and that the executor of Visscher filed a plea of the statute of limitations. Under an agreed statement of facts, the court found in favor of the defendant, and the plaintiff ex-

cepted. The record shows that Harris and Visscher entered into a partnership for the purpose of building railroads. In 1890 the partnership ceased active business, and the members of the firm appointed one Marshall as their agent to collect the assets of the firm and pay the debts. Harris had advanced to the firm, and Marshall made several payments on this indebtedness of the firm to Harris, the last being made in March, 1894. Harris died in 1894, and Visscher in 1895. This suit was filed in 1897. There had never been a dissolution of the partnership up to the time of Harris's death, nor had there been an accounting between the partners. This action was for the balance due Harris by Visscher for the one half of the balance due Harris by the firm after all the assets had been applied to the debt. The partnership had both assets and debts up to the last payment made by the agent, and this debt due to Harris is still unpaid.

On this state of facts we think the court erred in finding that the suit was barred by the statute of limitations. We think that the cases of *Hammond* v. *Hammond*, 20 *Ga.* 556, and *Prentice* v. *Elliott*, 72 *Ga.* 154, rule contrary to the views of the trial judge in this case. In the former, this court held that "The statute of limitations does not commence to run in favor of one partner against another, even after a dissolution of the partnership, as long as there are debts due from the partnership to be paid or debts due to it to be collected." The latter case announces the same principle. The case now under consideration is stronger than either of these. In both of them a dissolution of the partnership had taken place before the time when the statute was held to commence to run; here there was no dissolution until the death of Harris in 1894, and this suit was brought within four years from that time. The other partner died after the death of Harris. "When the partnership affairs are being wound up without antagonism between the parties and assets are being realized and debts paid, the statute does not begin to run." 2 *Wood Lim.* (2d ed.) 528. The fact that the partnership ceased to do active business in 1890 did not work a dissolution. There was no agreement that the partnership should be dissolved and no account stated

between the partners, and the firm was not dissolved until the death of one of the partners.    Until such dissolution, we think that the statute did not begin to run.    The present suit was,. therefore, brought in time.

*Judgment reversed.    All the Justices concurring.*