## SHERLING *v.* LONG.

The right of a joint obligor, who has paid off and discharged a promissory note
signed by him and his co-obligor, to call on the latter for contribution arises
upon an implied contract on his part to bear his share of the common bur-
den, and not upon any contract evidenced by the promissory note, which
merely expresses the joint obligation they have assumed towards the payee.
This being so, the cause of action arises when the one paying the note
thereby extinguishes the debt of their common creditor ; and suit for con-
tribution must be brought, if at all, within four years from the date the
right of action accrues, else it will be barred by the statute of limitations.

Argued April 11, — Decided May 11, 1905.

Complaint.    Before Judge Hodges.    City court of Macon.
December 13, 1904.

*M. R. Freeman, Dessau, Harris & Harris,* and *Pope S. Hill,*
for plaintiff.    *Lane & Park,* for defendant.

EVANS, J.    This was a suit brought by one joint obligor against
his co-obligor for contribution.    A demurrer to the petition was
sustained on the ground that it disclosed on its face that the orig-
inal debt had been discharged by the plaintiff more than four
years prior to the institution of the suit, and therefore the action
for contribution was barred by the statute of limitations ; and the
exception is to the sustaining of the demurrer.

Co-obligors and joint promissors are all equally bound to bear the common burden, and if one pays more than his share, he is entitled to contribution from the others. Civil Code, § 3991. In asserting this right to contribution, is the remedy of one joint obligor who pays more than his share against his co-obligor by action upon the evidence of the indebtedness by which they are jointly bound, or must the action be predicated upon the implied contract that one joint obligor is liable to his co-obligor who has paid more than his part of the joint liability in an amount to equalize the burden, or is either of these remedies available? It is clear that the right of contribution arises from the payment of the debt. Until the co-obligor has parted with his money in discharging the joint liability, in whole or in part, he has no right of action. If his cause of action has for its foundation the total or partial discharge of the joint liability, to the extent of more than his share, it would seem to follow that the cause of action must necessarily be predicated on the implied contract that the joint obligor who has not paid his share of the joint obligation will contribute to the co-obligor paying more than his share such sum as will equalize the burden. The payment of the debt by one of the obligors extinguishes the debt of the creditor, and the right of action against the co-obligor is not upon the original evidence of indebtedness, but upon the implied contract for contribution. " The obligation of contribution is not founded upon contract, but on the principle of equity, and now the principle is universally acknowledged, and persons acting under circumstances to which it applies are said to act under the head of contract implied from the universality of the principle, and upon this ground stands the jurisdiction assumed by courts of law." Drummond *v.* Yager, 10 Ill. App. 380. See also Moore *v.* Moore, 4 Hawks, 358, 15 Am. Dec. 523 ; Faires *v.* Cockrill (Tex.), 28 L. R. A. 528.

There is a distinction between the case of a surety who has paid the debt of his principal, suing his principal for indemnity, and a joint obligor suing his co-obligor for contribution. In *Lumpkin* v. *Mills,* 4 *Ga.* 343, it was held that a surety who has paid the debt of his principal, is in equity subrogated to all the rights of the creditor ; that the debt in favor of the surety is treated, not as an extinguished debt, but as sold to the surety

paying it, and the surety is substituted to the creditor's place in the enforcement of the debt itself. This equitable principle of the surety's subrogation was incorporated into the code. Civil Code, §§ 2995, 2996. And since the code, as soon as the debt is paid by the surety, he is subrogated to all the rights of the creditor by vigor of the law, and not dependent upon any judicial proceeding. As was said by Bleckley, C. J., in *Hull* v. *Myers,* 90 *Ga.* 682, "Subrogation, a native of equity, but an alien in law, is thus naturalized in the latter, and admitted to an equal standing throughout the whole judicial territory." In *Hull* v. *Myers,* just cited, it was said that since the code a surety paying the debt of his principal not only could maintain a suit against his principal upon the implied promise raised by the law that the principal would indemnify the surety in case he paid the debt, but, being *legally* subrogated to the rights of the creditor, he may sue on the original indebtedness. In either case the action is for the enforcement of the legal, as contradistinguished from an equitable right. But a joint obligor is not subrogated in law to the rights of the creditor as against his co-obligor for contribution. If he pays more than his share of the debt, he may proceed for contribution, and whenever the circumstances are such that an action at law will not give a complete remedy, equity may entertain jurisdiction. Civil Code, § 3991. It is the peculiar circumstances of the case which enlarge his remedy beyond an action at law for contribution arising from the payment of the joint liability. Thus if the debt is evidenced by a note containing a waiver of homestead, and one of two joint obligors discharges the debt, he who paid the debt would be entitled, in an action at law, to a judgment against his co-obligor for one half of the debt thus discharged; and if in the collection of this judgment it became necessary to urge the waiver of homestead, he could appeal to the court for equitable relief in this particular.

On the whole, we conclude that the right of action of a co-obligor who satisfies the debt for contribution from those liable with him rests upon the implied promise, raised by law, that the joint obligor who has not paid his share of the joint obligation will contribute, to the co-obligor paying more than his share, such sum as will equalize the burden. The period of limitation to an action for contribution is that fixed for an implied contract. This

is four years from the time the right of action accrues; and a suit brought after that period is barred by the statute. Civil Code, § 3768. It appearing on the face of the petition that more than four years since the payment of the debt by the plaintiff had elapsed, his right of action against his co-obligor for contribution only was barred, and the court was right in sustaining the demurrer.

*Judgment affirmed. All the Justices concur, except Candler, J., absent.*