## ROACH, administrator, v. ROACH, executor.

Where two persons enter into a parol partnership agreement to buy, hold, and sell certain land, and one of the two takes the legal title to the land in himself, both having contributed to the purchase-price and both having entered into possession, the one in whom the legal title is taken will be considered as acting for the firm, and the members will be considered as equitable owners and equitable tenants in common of the land.

(a) Where in such a case both members of the firm went into possession of the land in 1883 as joint owners, and so remained until 1899, when one partner died, and the other remained in possession, promising the heirs of the deceased partner, until his death in 1910, that he would settle with them as soon as he could sell the land to advantage, and acknowledged their being entitled to a half interest in the land, a suit brought in 1913 by the administrator of the partner first deceased, against the executor of the surviving partner, to recover a half interest in the land and mesne profits for four years, was not barred.

(b) But a cause of action as set out in an equitable petition filed by the administrator of the partner first dying, against the executor of the partner last dying, for an accounting and for a recovery of the value of one half interest in the personal property belonging to the partnership, is barred after the lapse of nine years from the death of the partner first referred to.

JUNE 15, 1915.

Equitable petition. Before Judge Patterson. Forsyth superior court. April 28, 1914.

*George F. Gober, G. B. Walker,* and *C. L. Harris,* for plaintiff.

*H. H. Perry, J. Z. Foster, L. E. Wisdom,* and *J. P. Brooke,* for defendant.

HILL, J. An equitable petition was brought by G. S. Roach, the administrator of Moses Roach, against the executor of the will of James Roach, to recover a half interest in certain land and personal property, the legal title to which was in James Roach until his death in 1910. The petition alleged, that the land and personalty were partnership property of Moses Roach and James Roach; that on the death of Moses Roach in 1899, James Roach as surviving partner came into possession of them as partnership property, that his estate is liable to the administrator of the estate of Moses Roach, on an accounting, for one half thereof, with interest and mesne profits; and that James Roach in his lifetime, after the death of Moses, held the interest of Moses therein under an implied trust for the partnership. Moses Roach died in July, 1899, and James Roach in July, 1910. The plaintiff was appointed administrator

upon the estate of Moses Roach in August, 1913, the application for administration having been made in 1911. The present suit was filed on September 4, 1913. From the petition it appears that the partnership between Moses and James Roach was formed in parol in 1883, was conducted in the name of James Roach, and was for the purpose of buying, selling, and working farm lands for profit. Moses contributed $5,500 and James $3,200, all of which was invested in the "Rogers farm," with the legal title in James for the alleged purpose of convenience and facility. Moses conducted the farming operations, and both partners were in possession until the death of Moses in 1899, when, it is alleged, James remained in possession as the surviving partner and as trustee for the partnership until his death in 1910. It is alleged that from the profits and increase of this farm other real and personal property was accumulated, of all of which the executor of James took possession soon after his death and received the rents and profits therefrom, and now claims them as belonging to his testator's estate. James disposed of all the partnership property as his own by will, to the exclusion of the heirs of Moses. No suit was brought by the heirs of Moses in the lifetime of James, to recover the interest of Moses in the partnership business, for the reason (as alleged by the plaintiff) that James, when approached for a settlement of the partnership business, begged the heirs of Moses to indulge him until he could collect what was due to the partnership, and until such time as the land could be sold to the best advantage, when he would settle. It is alleged that he always recognized the interests of the heirs of Moses in one half of the partnership property up to and until the date of his death in 1910, and always promised the heirs of Moses that he would settle with them for their half, and that if he died before doing so one half of the property would be theirs after his death. The court sustained general and special demurrers, holding that the petition on its face showed that the plaintiff's right of action was barred by reason of the laches of the heirs of Moses Roach. To this judgment the plaintiff excepted.

According to the allegations of the petition, the partnership agreement between Moses and James Roach was in parol, and the legal title to the land was in James Roach from 1883 to the date of his death in 1910. This suit was brought to compel the estate of James to account for a half interest in all the property 30 years

after the deed to the land was taken in the name of James, and 11 years after the death of Moses, and 3 years after the death of James. It is insisted that under the allegations of the petition, which are to be taken as true on demurrer, though the legal title was in James, the equitable title was in the partnership of which Moses was a member, on account of the implied trust by which James held it as trustee for the partnership. If, therefore, the estate of James is bound to an accounting to the estate of Moses, it is because of some rule of law which would imply an obligation on it to become so bound under the facts. No express trust is alleged, and no written agreement as to the partnership or other written obligation is set out whereby James or his estate was to become bound to Moses or his estate. A parol agreement to purchase and hold land in trust for another is within the statute of frauds, and is not enforceable as an express trust. 39 Cyc. 49 (c). See Collyer's Law of Partnership, 224 (note). An express trust can not be engrafted on a deed by parol. *DeLoach* v. *Jefferson,* 142 *Ga.* 436 (83 S. E. 122). But where land is bought by the members of a partnership with the money belonging to the firm, and the legal title is taken in the name of only one member, an implied trust arises in favor of the partnership, and the members become equitable owners and equitable tenants in common of the land. *Cottle* v. *Harrold,* 72 *Ga.* 830 (3); 1 Devlin on Real Est. (3d ed.), § 49, p. 72. See *Black* v. *Black,* 15 *Ga.* 445 (3), 449; 17 Am. & Eng. Enc. Law, 944 et seq.; 1 Bates on Partnership, § 281. Under the allegations of the petition, considered on demurrer as true, the partner last dying declared, until his death in 1910, that each partner had an individual half interest in the partnership property and its proceeds. Taking this to be true, there was no adverse possession as to the land until the death of James in 1910, when his executor set up an adverse claim. It follows, therefore, that where land was purchased by the two brothers as partners in 1883, each contributing different amounts towards the purchase, with the legal title taken in one partner, and both continued in possession and exercised acts of joint ownership until the death of the other partner in 1899, and afterwards the holder of the legal title continued in possession until his death in 1910, the administrator of the partner who died in 1899 is not barred by laches on a suit brought in 1913 for the recovery of one half interest in

the partnership land and mesne profits thereof for four years. . Real property which was treated as partnership assets during the life of the partners and the existence of the partnership is to be so regarded in equity, and the legal title held by the surviving partner is so held as an implied trust for the partnership. And where, after the death of one partner, the survivor continues to hold the land and declares that it is partnership property up to and until his death, it can not be said that he is holding the property adversely; and a suit by the administrator of the partner first dying, for recovery of a half interest in the land, brought within less than the statutory period of limitation from the death of the partner last dying, is not barred.

Could there be an accounting for the value of the personal property alleged to have belonged to the firm? Section 4377 of the Civil Code provides that the time between the death of a person and representation taken upon his estate shall not be counted against creditors of his estate, provided such time does not exceed five years; at the expiration of that time the limitation shall commence. We think the heirs of Moses stood in the relation of creditors, with respect to an accounting for the value of the personal property after the death of James. Moses died in 1899. There was no administration on his estate until 1913. Counting the five years allowed by the statute for administration, plus four years for the open account to become barred, making nine years, the suit as to an accounting was barred after the expiration of nine years. No suit was filed by the administrator of Moses until 1913, or fourteen years after his death. Under .these circumstances, the account against the estate of James for the interest of Moses in the personal property was barred at the commencement of the present suit. See Shumaker on Partnership, 200, and note; Knox v. Gye, L. R. 5 H. L. Cases, 656; Johnson v. Hogan, 158 Mich. 635 (123 N. W. 891, 37 L. R. A. (N. S.) 889, note b). We hold that under the allegations of the petition a cause of action is set forth, and is not barred, as to a half interest in the "Rogers farm" and mesne profits thereof for four years; but that the action is barred as to the personal property.

*Judgment affirmed in part and reversed in part. All the Justices concur.*