PURVIS *v.* JOHNSON, administrator.

HILL, J. 1. The petition set forth a cause of action, and the court below did not err in overruling the general demurrer. Civil Code (1910), §§ 3176, 3177, 3188; *Roach* v. *Roach,* 143 *Ga.* 886 (85 S. E. 703). The grounds of special demurrer are without merit.

2. "The surviving partner, in case of death, has the right to control the assets of the firm, to the exclusion of the legal representatives of the deceased partner, and he is primarily liable to the creditors of the firm for their debts." Civil Code (1910), § 3176.

3. After the dissolution of a partnership by death of one of the partners, the statute of limitations does not commence to run in favor of the surviving partner against the estate of the deceased partner as long as there are debts due by the partnership to be paid, or debts due it to be collected, or until a sufficient time has elapsed since the dissolution of the firm to raise the presumption that all debts due from the partnership have been paid, and that all debts due to it have been collected. *Hammond* v. *Hammond,* 20 *Ga.* 556; *Prentice* v. *Elliott,* 72 *Ga.* 154. Where a partnership was dissolved by the death of a member in 1911, and no administration was taken out upon the estate of such deceased partner until November, 1925, a suit brought by such administrator on January 22, 1926, against the surviving partner, for an accounting for the personal assets of the partnership, was barred by the statute of limitations. It will be presumed that, before the expiration of a period of nine years, all debts due by the firm had been paid and those due to the firm had been collected; and tolling from the statute of limitations the five years allowed for the taking out of administration upon the estate of the deceased partner, the suit as to an accounting for the personal assets of the partnership, which was not brought within

Limitations of Actions, 37 C. J. p. 1204, n. 54; p. 1213, n. 52; p. 1216, n. 61.

Partnership, 30 Cyc. p. 621, n. 25; p. 622, n. 40; p. 628, n. 89; p. 629, n. 97; p. 645, n. 23, 25 New; p. 653, n. 84.

Pleading, 31 Cyc. p. 290, n. 62.

Tenancy in Common, 38 Cyc. p. 23, n. 95; p. 24, n. 96; p. 25; n. 98; p. 27, n. 1, 2.

Trusts, 39 Cyc. p. 152, n. 4.

four years of the expiration of the five-year period, was barred. *Roach* v. *Roach*, supra.

4. Where lands were bought by a member of a partnership with money belonging to the firm, and the legal title thereto was taken in the name of only one member, an implied trust arose in favor of the other partner, who became equitable owners, and tenants in common, of such land. *Black* v. *Black*, 15 *Ga.* 445 (3), 449; *Cottle* v. *Harrold*, 72 *Ga.* 830; *Roach* v. *Roach*, supra.

5. There can be no adverse possession against a cotenant until actual ouster, or exclusive possession after demand, or express notice of adverse possession. Civil Code (1910), § 3725. Prescription does not run against an unrepresented estate until representation, provided the lapse does not exceed five years. § 4175. It not appearing from the allegations of the petition that the surviving partner held lands so purchased with funds of the partnership, and with title taken in his own name, adversely to the deceased cotenant or her heirs at law, and it being alleged that the surviving partner continued to operate the business as such, and recognized his deceased partner as having an interest therein, and the administrator of the deceased partner having brought his action to enforce the implied trust in favor of his intestate in such lands so bought by the surviving partner with money of the firm, who took the title thereto in his own name, we can not hold as matter of law, that the action was barred by prescription, by the statute of limitations, or by laches, although it was not brought until after the expiration of fourteen years from the death of the deceased partner. *Lane* v. *Lane*, 87 *Ga.* 268 (2) (13 S. E. 335). *Roach* v. *Roach*, supra. Where the petition does not show on its face that it is barred by the statute of limitations, or that prescription has run in favor of the defendant, such questions must be raised by plea, and not demurrer. *Thornton* v. *Jackson*, 129 *Ga.* 700, 704 (59 S. E. 905); *Powell* v. *McKinney*, 151 *Ga.* 803, 810 (108 S. E. 231).

6. It not appearing from the petition, which set out a cause of action, that prescription had run in favor of the defendant as to the lands in which he had invested the funds of the partnership, and which were owned by him and his deceased partner as equitable tenants in common, the trial judge properly overruled the demurrer which went to the whole petition. *Judgment affirmed. All the Justices concur.*

No. 5503. FEBRUARY 16, 1927.

Equitable petition. Before Judge McLaughlin. Muscogee superior court. April 3, 1926.

On January 22, 1926, Early H. Johnson, as administrator of the estate of Texas V. Purvis, brought an equitable petition against Leonard L. Purvis and the Purvis Grocery Company, in which he made the following allegations: John W. Purvis, his wife Texas V. Purvis, and Leonard L. Purvis were engaged as partners conducting a mercantile business in Howard, Alabama. John W. Purvis died on or about September 11, 1905, in Ala-

bama, while engaged in said business. Leonard L. Purvis and Texas V. Purvis continued to conduct said business after the death of John W. Purvis, and intermarried in November, 1906, at Howard, Alabama, where they resided until some time during 1908 or 1909, when they removed to Columbus, Georgia. Soon after the death of John W. Purvis, F. R. Purvis purchased a one-third interest in the partnership business; and prior to the removal of Leonard L. Purvis and Texas V. Purvis to Columbus, F. R. Purvis bought their interest in the mercantile business, paying therefor several thousand dollars, the exact amount being unknown. During the year 1909, L. L. Purvis and Texas V. Purvis (who had become his wife) organized a company under the name of the Purvis Grocery Company, at Columbus, Georgia, the same being a partnership composed of L. L. Purvis and Texas V. Purvis, which was never dissolved and was in existence at the death of Texas V. Purvis on May 15, 1911. Said business has been continuously managed by L. L. Purvis from its organization down to the present time. In 1909 L. L. Purvis and Texas V. Purvis leased from Ameil Kersten a parcel of land adjacent to city lot No. 59, upon which the Purvis Grocery Company conducted its business. On October 20, 1909, Kersten, L. L. Purvis, and Texas V. Purvis entered into an agreement with the Southern Railway Company that a spur-track should be run over the land of Kersten leased by L. L. and Texas V. Purvis, which spur-track was built to serve the partnership composed of L. L. and Texas V. Purvis, engaged in the wholesale grocery business. L. L. Purvis, the manager of said business, treated the building and plant occupied by the Purvis Grocery Company as the property of the Purvis Grocery Company, and so returned the same for taxes. The portion of city lot No. 59 and the house thereon, together with the goods therein, are the property of the Purvis Grocery Co. Said partnership has never been dissolved, and the interest of the estate of Texas V. Purvis in said partnership has never been disposed of. After the death of Texas V. Purvis, L. L. Purvis continued the business and operated it as surviving partner, recognizing Texas V. Purvis as having had an interest in the partnership business and as a member of said firm operating under the name of the Purvis Grocery Co., until the present time. After the death of Texas V. Purvis, L. L. Purvis married again,

and removed from Columbus, Georgia, to the State of Alabama during the year 1913, where he has since resided, but has continued the business of the Purvis Grocery Co. in Columbus, which is the residence of the partnership and the place of business of said concern. Whether the partnership contract was in writing or not is not known; but petitioner charges that the parties held themselves out as partners, and that Texas V. Purvis had a one-half interest in the business. L. L. Purvis kept possession of the assets of the Purvis Grocery Co., paid off all of the liabilities of the partnership existing at the time of the death of Texas V. Purvis, and the partnership is in condition where it should be wound up and dissolved, and the interest of Texas V. Purvis should be recovered by petitioner for the purpose of distribution among her heirs. He has made written demand on L. L. Purvis as surviving partner of said firm, for an accounting and settlement with petitioner as administrator, and the demand has been refused. When L. L. Purvis and Texas V. Purvis removed from Howard, Alabama, to Columbus, Georgia, they had the funds realized from the sale of the mercantile business in that town, and the interest Texas V. Purvis received from the estate of her first husband, John W. Purvis; these funds were used to begin said wholesale grocery business in Columbus, Georgia, which has been very successful. The income from said business from time to time has been invested, handled, and managed by L. L. Purvis; the various properties in which it has been invested are unknown to petitioner; none of said funds were invested in the name of Texas V. Purvis. Petitioner can not say what the value of the Purvis Grocery Co. business is; if the assets of the partnership had been kept in its name, it would amount to $350,000 or other large sum. It is necessary for petitioner to have an accounting from L. L. Purvis of the partnership affairs. He is informed that L. L. Purvis has made large investments, deposited some of the money in the banks of Alabama recently, since the heirs at law have requested of him a settlement of their matters and interest in the partnership affairs; he has invested large sums of money in the stock of the Chero Cola Company; petitioner's information is that a considerable portion of said money was derived from the funds of the partnership. About August 10, 1925, L. L. Purvis executed a deed to the Muscogee Bank & Trust Co., to the part

of lot No. 59 upon which the firm business is located and operated, for the sum of $16,000. In equity and good conscience said property is the property of said partnership. Purvis has not kept the funds of the firm separate from his individual funds, but there has been an intermingling of the two funds. Purvis is unable to segregate the several interests; for this reason petitioner prays that an accounting be had for the tracing of the funds of the partnership. He elects to recover for and in behalf of the estate of his intestate a one-half undivided interest in the Purvis Grocery Co., with all profits which have accrued in the conduct of the business. He prays for a receiver for the firm, for an accounting, and for judgment.

The defendant demurred to the petition, upon the following grounds; (1) It sets forth no cause of action. (2) It affirmatively appears there is no equity therein. (3) It affirmatively appears that the demand sued upon is stale. (4) The allegations affirmatively show that because of the laches of the estate, the lapse of time since the accrual of the cause of action therein attempted to be set out, it will be impossible to grant the relief prayed. (5) The allegations affirmatively show that, because of the laches of the estate and the lapse of time since the accrual of the cause of action attempted to be set out, it would be highly inequitable to allow the relief prayed for. (6) It affirmatively appears from the allegations of the petition that the alleged cause of action accrued more than four years before the commencement of this suit, and the same is barred by the statute of limitations. (7) It affirmatively appears that the alleged cause of action accrued more than four years before the commencement of this suit, and that more than four years have elapsed between the period of grace allowed an unrepresented estate, and the time of the commencement of this suit. Defendant demurred specially on various grounds. The court overruled the demurrer on all grounds, and the defendant excepted.

*J. E. Chapman* and *Arnold & Battle,* for plaintiff in error.

*Wallis & Fort* and *Hatcher & Hatcher,* contra.