### Powell v. Powell.

Hines, J. 1. The right of one who has paid off and discharged a promissory note signed by him and by another as coprincipals to call on the latter for contribution arises upon an implied contract on his part to bear his share of the common burden, and not upon any contract evidenced by the promissory note. Civil Code (1910), § 4588; *Sherling* v. *Long,* 122 *Ga.* 797 (50 S. E. 935).

2. The period of limitation applicable to an action for contribution based upon an implied contract is four years from the time the right of action accrues; and a suit brought after that time is barred by the statute. Civil Code (1910), § 4362; *Sherling* v. *Long,* supra.

3. Generally, when a principal obligor with his own funds pays a joint debt due by him and a coprincipal, the right of the former upon the implied contract of the latter to bear his share of the common burden arises when the one paying the joint debt extinguishes the debt of their common debtor. *Sherling* v. *Long,* supra.

4. But in the case of partners the rule is different. The statute of limitations does not commence to run in favor of one partner against another, even after a dissolution of the partnership, as long as there are debts due from the partnership to be paid, or debts due to it to be paid. *Hammond* v. *Hammond,* 20 *Ga.* 556.

(a) Even "After the dissolution of a partnership, the statute of limitations does not begin to run in favor of one partner against another until the partnership affairs, as to debtors and creditors of the firm, have been wound up and settled, or at least a sufficient time has elapsed since the dissolution to raise the presumption that such was the fact. Each partner is the agent and trustee of the firm and of the other partner, as to the collection of its assets and the payment of its debts. Nor, while there are outstanding assets and liabilities, will a partner be barred as against his copartner, on the principle of stale demands." *Prentice* v. *Elliott,* 72 *Ga.* 154.

(b) "As to a claim or demand by one partner against another, arising out of the partnership business, the statute of limitations does not in any event begin to run until after a dissolution of the partnership; and this is true although for a considerable period before dissolution the firm had not been actively engaged in the prosecution of its business, but had placed its assets in the hands of an agent for the purpose of collecting the same and paying the partnership debts. It follows that where a firm was composed of two partners, both of whom died before a dissolution by agreement had been made or the partnership affairs settled, a suit upon a demand of the nature above indicated, by the representative of one partner against the representative of the other, was in time if brought within four years of the death of the partner who died first." *Harris* v. *Mathews*, 107 *Ga.* 46 (32 S. E. 903).

(c) Even "After the dissolution of a partnership by death of one of the partners, the statute of limitations does not commence to run in favor of the surviving partner against the estate of the deceased partner as long as there are debts due by the partnership to be paid, or debts due it to be collected, or until a sufficient time has elapsed since the dissolution of the firm to raise the presumption that all debts due to it have been collected." *Purvis* v. *Johnson*, 163 *Ga.* 698 (3) (137 S. E. 50).

(d) "Statutes of limitation do not run against a cestui que trust where the trust is express and clearly established; but when the trustee openly disavows it, and sets up adverse title in himself, time begins to run." "Where partnership affairs are being wound up in due course, without antagonism between the parties, or cause for judicial interference, assets are being realized and debts extinguished, and no settlement has been made between the partners, the statute of limitations has not begun to run." "When the right of action accrues between partners after a dissolution of the partnership, so as to set the statute of limitations in motion, depends upon . . circumstances, . . and can not be held as matter of law to arise at the date of the dissolution, or to be carried back by relation to that date." Riddle *v.* Whitehill, 135 U. S. 621 (10 Sup. Ct. 924, 34 L. ed. 282). By parity of reasoning it can not be said, that, as a matter of law, the right of action of one partner against another for contribution arises at the date of the payment of a joint obligation of the partners.

(e) In *McPhaul* v. *Curry*, 146 *Ga.* 305 (91 S. E. 89), there had been a dissolution of the firm and a disposition of all its assets.

(f) Although the ruling made in *Hammond* v. *Hammond*, supra, may not have met the approval of courts in other jurisdictions, and although that case was decided when there might have been no statute of limitations applicable to an action for accounting between partners, it has been followed and approved in cases since then; and in view of the importance of certainty in the law, it should not now be disregarded for any of the reasons stated above.

5. Applying the preceding rulings, the trial judge erred in dismissing the action on the ground that it was barred by the statute of limitations.

*Judgment reversed. All the Justices concur.*

No. 7916. JANUARY 24, 1931.

844

*John I. Kelley, R. B. Blackburn,* and *W. O. Cooper,* for plaintiff.
*Harris, Harris & Popper,* for defendant.