GOBER, administratrix, *v.* BURROUGHS.

No. 13804.   JULY 8, 1941.

*Clarence E. Adams,* for plaintiff.

*Rupert A. Brown* and *R. Howard Gordon,* for defendant.

GRICE, Justice. ■ Nothing will be added to what is announced in the first headnote.

■ We shall not challenge the right of the defendant to invoke, by an oral motion to dismiss, the defense of the statute of limitations (*Cleveland* v. *Walden,* 62 *Ga.* 163; *Davis* v. *Boyett,* 120 *Ga.* 649, 48 S. E. 188, 66 L. R. A. 258, 102 Am. St. R. 118, 1 Ann. Cas. 386), or deny the correctness of the statement of the general rule relied on by his counsel that the true test to determine when a cause of action accrued is "to ascertain the time when the plaintiff could first have maintained his action to a successful result." *Mobley* v. *Murray County,* 178 *Ga.* 388 (173 S. E. 680). But is there a date or an event, short of dissolution in some cases, which definitely marks the time when one partner must bring a petition in equity against his copartner, and which upon his failure then so to do will cause the statute of limitations to begin to run against him; and if so, does it appear that such date or event had arrived, and when? In the instant case there was no dissolution. So far as it appears the copartnership was still in existence on the date of the filing of the petition. There is an averment that the defendant partner "about the year 1922 took charge of all the solvent notes of said firm of Bray & Burroughs, and has held and collected them and applied the proceeds thereof to his own use, and has failed and refused to pay the said notes herein described due to petitioner as an individual, excluding petitioner from any of the firm's assets, converting them to his own use." The period for which the partnership was to run is not stated. It is not averred that the partnership business has been wound up or that the partnership has become inactive, unless the latter could be legitimately inferred from an allegation that for some years after 1920 "plain-

tiff and defendant as joint partners were engaged in the live-stock business principally in selling mules and horses." But even if this be taken to mean that they had ceased to be engaged in the live-stock business, we are not advised when the cessation took place. The petition was filed January 26, 1939. In 47 C. J. 1207, may be found this statement: "The general rule that the statute of limitations begins to run from the time when a complete cause of action accrues applies to suits for partnership accountings, so that in each case the statutory period is to be computed from the time when the cause of action set forth in the complaint matured, and until such maturity of the cause of action the statute does not begin to run. As a partner is ordinarily not entitled to sue for an accounting during the existence of the partnership, it is very generally agreed that the statutory period of limitation does not begin to run against a suit for an accounting prior to the dissolution of the firm, or the exclusion of the complaining partner from participation in firm affairs." For the statement that the statute does not begin to run prior to dissolution, a number of authorities are cited. For the added statement that it begins to run from "the exclusion of the complaining partner from participation in firm affairs," one case is cited, Evans v. Honsinger, 11 Ont. L. R. 861.

It has also been held that the statute begins to run as soon as one partner disputes the claim of the other or holds assets adversely to him. Another view is that the running of the statute commences when the partnership business is closed, unless the business is unsettled at that time; and in case there are unsettled accounts, the statute begins to run from the time they are disposed of. For the authorities supporting these views, see notes in 47 C. J. 1207-8-9. On this subject, it is stated in 20 R. C. L., under the title Partnership, in par. 259: "The right to have an accounting may be lost by the operation of the statute of limitations. No hard and fast rule can be laid down as to the time from which the statute of limitations runs, and it can not be asserted that the statute commences to run immediately on the dissolution of a partnership, irrespective of the particular case. It may begin to run from the time that nothing remains to be done except to settle the affairs of the partnership, or from the date when it was the duty of the accounting partner to have the firm in a condition for its complete settlement. On the other hand a cause of action against a liquidating partner

for an accounting is not necessarily postponed until the complete and final ending of the partnership business. Such a cause of action accrues after the liquidating partner, under the circumstances of each particular case, has had a reasonable time within which to perform his duty and has failed to complete the accounting; but it may not begin to run so long as such partner acts under the trust relationship and does not repudiate it.". It has been held that a partner who has been excluded from the firm business is not bound to commence his action immediately, but may wait until the expiration of the period for which the partnership was to exist, and bring his action within the statutory period thereafter. Beller v. Murphy, 139 Mo. App. 663 (123 S. W. 1029). And it has been held that there must be some action taken by one partner against another, for example, a demand for an account and settlement, to terminate the fiduciary relationship between them, before the statute of limitations will begin to run. Baker v. Brown, 151 N. C. 12 (65 S. E. 520). The record in the instant case shows no such demand.

On questions similar to the one that confronts us in this case we find frequently quoted the following language by Mr. Chief Justice Fuller in Riddle v. Whitehill, 135 U. S. 621 (10 Sup. Ct. 924, 34 L. ed. 282) : "We are not prepared to decide that there is a definite rule of law that statutes of limitation commence to run immediately upon the dissolution of a partnership, irrespective of the circumstances of the particular case. Mr. Justice Lindley, in his excellent work on Partnership, says: 'So long, indeed, as a partnership is subsisting, and each partner is exercising his rights, and enjoying his own property, the statute of limitations has, it is conceived, no application at all; but as soon as the partnership is dissolved, or there is any exclusion of one partner by the others, the case is very different, and the statute begins to run.' American ed. 1888, 510. The learned author in his last edition cites Knox v. Gye, L. R. 5 H. L. 656, and Noyes v. Crawley, 10 Ch. Div. 31, in which Vice Chancellor Malins quotes the above language with commendation, and dissents from Miller v. Miller, L. R. 8 Eq. 499. Where, however, partnership affairs are being wound up in due course, without antagonism between the parties, or cause for judicial interference; where assets are being realized upon and liabilities extinguished, and no settlement has been made, the cause of

action has not accrued, and the statute has not begun to run." But the Chief Justice was dealing with a case where there had been a dissolution, and his remarks must be interpreted accordingly. The defendant relies on *Sherling* v. *Long*, 122 *Ga.* 797 (50 S. E. 935). Suit was brought by one joint obligor against his co-obligor, its object being to seek contribution from the defendant because the plaintiff had paid off and discharged a promissory note which both had signed. The only point there ruled was that the cause of action arose when the one paying the note thereby extinguished the debt due the payee, and therefore that suit for contribution must be brought, if at all, within four years from the date of the payment, or else the bar of the statute of limitations attaches. That decision offers no aid in the consideration of the case at bar. *Hogan* v. *Walsh*, 122 *Ga.* 283 (50 S. E. 84), is also relied on. That was an illegality case, the issues in which were referred to an auditor. Exceptions of fact to his report, which was favorable to plaintiff, were overruled by the judge. The contention there made was that the proceeding was an action at law, and, there being issues of fact, that the court erred in not submitting to a jury the findings and the exceptions. This court determined that the case was one in equity, and affirmed the judgment refusing to submit to a jury the issues thus arising on the exceptions of fact to the auditor's report. This court ruled: "An equitable accounting between partners may be had in cases where one partner has sought to withhold from his copartner the right of participation in the partnership and to exclude or expel his copartner, without a prayer for a dissolution." In the opinion it was said: "It is further contended that a court of equity has no jurisdiction to entertain a petition for an accounting between partners, unless the petition prays for a dissolution of the partnership. The old equitable rule that no account between the partners could be taken, save with the view to the final determination of all questions and cross-claims between them and a dissolution of the partnership, has been considerably relaxed, though it is still applicable where there is no reason for departing from it. 2 Lindley on Partnership, *495. On the same page of the authority just cited, three instances are given where an accounting without a prayer for dissolution may be had, one of these instances being where one partner has sought to withhold from his copartner the right of participation in the partnership affairs, and to exclude

or expel his copartner or to drive him to a dissolution." Although the latter portion of the above quotation may be in accord with the contention that there may be an accounting in equity between partners in certain instances without a prayer for dissolution, this is far from adjudicating that because an accounting *may* be had without a prayer for dissolution, where one partner has sought to withhold from his copartner the right of participation in the partnership affairs and to exclude or expel his copartner and drive him to a dissolution, the wronged partner *must* then move for an accounting or suffer the peril of having the statute of limitations commence to run against him. No question of the statute of limitations was involved in *Hogan* v. *Walsh,* supra. All the court was called on to decide was whether or not the suit of Walsh against Hogan was an equitable action. The same conclusion would necessarily have been reached had the court been of a different view from that expressed in the headnote and in the opinion. It would still have been an equity case, though a bad instead of a good equity case. Compare *O'Callaghan* v. *Bank of Eastman,* 180 *Ga.* 812, 817 (180 S. E. 847) ; *Candler* v. *Bryan,* 189 *Ga.* 851, 855 (8 S. E. 2d, 81) ; *Mosely* v. *Alspaugh,* 192 *Ga.* 216 (14 S. E. 2d, 737). A court of law would have been without jurisdiction, since it was a suit by one partner against another on a matter growing out of partnership affairs. *Miller* v. *Freeman,* 111 *Ga.* 654 (36 S. E. 961, 51 L. R. A. 504) ; and see cases cited in *Paulk* v. *Creech,* 8 *Ga. App.* 738, 742 (70 S. E. 145). In *Roach* v. *Roach,* 143 *Ga.* 486 (85 S. E. 703), the partnership had been dissolved by death. Code, § 75-107. It is therefore not in point. For a like reason *Purvis* v. *Johnson,* 163 *Ga.* 698 (137 S. E. 50), is distinguishable. It was squarely ruled in *Hammond* v. *Hammond,* 20 *Ga.* 556, that the statute of limitations does not commence to run in favor of one partner against another, even after a dissolution of the partnership, as long as there are debts due from the partnership to be paid, or debts due to it to be collected. The opinion in that case, after laying down the proposition that so long as there are debts of a partnership to be paid the statute does not begin to run as to the account between the partnership and any of its members, contains this further statement: "And when the statute does not run as to the account between the partnership and the members, it does not run as to the account between one partner and the other; for in

reality that account is between not one partner and the other, but between the partners and the *partnership*. He owes the partnership so much—the partnership owes him so much—not he owes the other partners so much; the other partners owe him so much. His suit is against the *partnership.*" That ruling was reaffirmed in *Prentice* v. *Elliot, 72 Ga.* 154, by the statement that in *Hammond* v. *Hammond,* "it was ruled that the statute of limitations does not commence to run in favor of one partner against another, even after the dissolution of a partnership, as long as there are debts due from the partnership to be paid, or due to it to be collected. Nor, as long as these things are so, is a partner barred as against his copartner by the principle of stale demands. This decision is in point, and rules this case." In *Harris* v. *Mathews,* 107 *Ga.* 46 (32 S. E. 903), it was ruled: "As to a claim or demand by one partner against another, arising out of the partnership business, the statute of limitations does not in any event begin to run until after a dissolution of the partnership, and this is true although for a considerable period before dissolution the firm had not been actively engaged in the prosecution of its business but had placed its assets in the hands of an agent for the purpose of collecting the same and paying the partnership debts." See *Powell* v. *Powell,* 171 *Ga.* 840 (156 S. E. 677), particularly the comment there made as to *Hammond* v. *Hammond,* supra.

Our conclusion is that the petition did not show on its face that the action was subject to dismissal on the ground that it was barred by the statute of limitations.

*Judgment reversed. All the Justices concur.*