### 29021. BLACK *v.* DAVIDSON.

Decided September 16, 1941.

*George & John L. Westmoreland,* for plaintiff in error.
*Hewlett & Dennis, Alfred P. Marshall,* contra.

Sutton, J. James V. Davidson brought suit against Charles H. Black Sr. and two others for contribution on account of having paid a judgment rendered in the State of Florida against the present plaintiff and the defendants jointly and severally. The de-

fendant, Charles H. Black Sr., filed a general demurrer on the ground that no cause of action was set forth and a special demurrer on the ground of misjoinder of parties defendant. The plaintiff amended by striking all defendants except Charles H. Black Sr. and seeking to proceed only against him, and for one third of the total amount claimed to be due in the original petition. Upon a hearing the court overruled the general demurrer, and the exception is to that judgment, the plaintiff in error contending only that the suit was not maintainable, in that the plaintiff had no right to amend the suit under the allegations of the original petition that the defendants were jointly and severally liable and proceed only against the one defendant, but was obliged to dismiss the suit and begin a new one if he wished to proceed against such defendant only. *Held:*

1. "When two or more persons shall be sued in the same action, either on a contract or for a tort, the plaintiff may amend his petition by striking out one or more of such defendants, and proceed against the remaining defendant or defendants, if there shall be no other legal difficulty in the case." Code, § 81-1306. See also *Underwriters at Mutual Lloyds* v. *Elbel,* 108 *Ga.* 792 (33 S. E. 951) ; *Western Union Telegraph Co.* v. *Griffith,* 111 *Ga.* 551, 559 (36 S. E. 859) ; *Waldrop* v. *Wolff,* 114 *Ga.* 610, 619 (40 S. E. 830) ; *Brooks* v. *Thrasher,* 116 *Ga.* 62 (2) (42 S. E. 473) ; *Lippincott* v. *Behre,* 122 *Ga.* 543 (2) (50 S. E. 467) ; *City of Atlanta* v. *Harris,* 52 *Ga. App.* 56, 57 (2) (182 S. E. 202).

2. "In cases of joint, joint and several, or several liabilities of two or more persons, where all are equally bound to bear the common burden, and one has paid more than his share, he shall be entitled to contribution from the others; and whenever the circumstances are such that an action at law will not give a complete remedy, equity may entertain jurisdiction." Code, § 37-303. "The right of one who has paid off and discharged a promissory note signed by him and by another as coprincipals to call on the latter for contribution arises upon an implied contract on his part to bear his share of the common burden, and not upon any contract evidenced by the promissory note." *Powell* v. *Powell,* 171 *Ga.* 840 (156 S. E. 677). See also *Sherling* v. *Long,* 122 *Ga.* 797 (50 S. E. 935) ; *Hall* v. *Harris,* 6 *Ga. App.* 822 (65 S. E. 1086).

3. The petition as amended not setting forth a new cause of

action, but being one for contribution only against the remaining defendant in the suit for his proper share of the amount paid by the plaintiff on the judgment rendered against him and all of the original defendants, and not requiring that any other defendant be joined to enforce a liability of contribution, based on the implied contract for contribution by virtue of these parties signing the note and the same having been paid by the plaintiff, and not by virtue of the obligation of the note on which the judgment was rendered against all of the original defendants, was, under the authorities above cited, maintainable against the remaining defendant, and consequently the court did not err in overruling the general demurrer.

*Judgment affirmed.* *Stephens, P. J., and Felton, J., concur.*