**Mrs. Ollie May DARBY, Executrix of the Estate of Fred W. Darby, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 679–26.**

United States District Court, S. D. Georgia, Swainsboro Division.

Sept. 17, 1980.

Louis A. Thompson, Savannah, Ga., Susan E. Warren, Allen, Brown, Wright & Edenfield, Statesboro, Ga., for plaintiff.

Kenneth C. Etheridge, Asst. U. S. Atty., Savannah, Ga., Gerald B. Leedom, Atty., Tax Division, Trial Section, Southern Region, Dept. of Justice, Washington, D. C., for defendant.

## ORDER

BOWEN, District Judge.

This is an action for a refund of federal taxes paid by the Estate of F. W. Darby. Plaintiff, executrix of the estate, contends that the decedent owned only a partial interest in certain parcels of property which were taxed at their full value. It is alleged that the property was in reality beneficially owned by the F. W. Darby Lumber Company, a partnership of which decedent was a member. The United States has moved for summary judgment and to exclude certain evidence from introduction to a jury.

The main issue presented by this case is relatively simple: what was F. W. Darby's interest in eight tracts of realty? Generally, state law governs what a decedent owns for purposes of taxation, and federal taxing statutes determined how that interest is taxed. *Estate of Wien v. Commissioner*, 441 F.2d 32 (5th Cir. 1971). Chapter 11 of the Internal Revenue Code imposes tax on a decedent's estate, and its specific sections determine what the value of the estate includes. Section 2033 includes the value of all property to the extent of the decedent's beneficial interest at the time of his death. Section 2036 includes the value of life retained by decedent in property transferred *inter vivos*. *See* Title 26, United States Code, and Treasury Regulation 20, 2033–1(a).

In this case, it is undisputed that at the time of his death, decedent held record title to much of the property in question. However, record title is not conclusive of beneficial ownership. *See* Ga.Code § 108–106(1). Plaintiff contends that the F. W. Darby Lumber Company became beneficial owner of the tracts when the partnership was formed.

Whether property, owned by a partner prior to the formation of the partnership, becomes a partnership asset is a question of the parties' intent. 45 A.L.R.2d 1012. *See also Estate of Reeve v. Commissioner*, T.C.Memo (1962) ¶ 62.115. Under Georgia law, real property can be contributed as an asset to a partnership by oral agreement. *See Smith v. Padrosa*, 139 Ga. 484, 77 S.E. 639 (1913) and *Lane v. Lodge*, 139 Ga. 93, 76 S.E. 874 (1912). Each partner then holds an equitable interest in the assets, regardless of who holds legal title. *See Roach v. Roach*, 143 Ga. 486, 85 S.E. 703 (1915) and *Purvis v. Johnson*, 163 Ga. 698, 137 S.E. 50 (1926).

Whether such an agreement existed here is a question of fact. It is for a jury to determine whether decedent contributed this property as a partnership asset or whether he merely contributed the use of it. Disputed questions should not be resolved on conflicting affidavits, depositions and other extraneous material. Rather, these questions should only be resolved by trial. *See Commercial Metals Co. v. Walker*, 439 F.2d 1103, (5th Cir. 1971). Accordingly, the government's motion for summary judgment must be DENIED.